## 52491. J. B. v. STATE OF GEORGIA.

SMITH, Judge.

Appellant was found to be delinquent by the Juvenile Court of Barrow County, and was determined to be in need of correction, treatment, care and rehabilitation. He appeals the judgment of the juvenile court.

1. Appellant urges error in the court's "overruling Appellant's Motion for a Continuance and a Bond." The record does not support appellant's contention; rather, it shows that the court stated that he would grant a

---

continuance. The judge also told appellant's attorney that he would hear evidence on his motion for a bond. Appellant presented no evidence on his motion for a bond. Appellant argues that a hearing on the bond would have been futile because the judge had already stated that he would not grant a bond. However, irrespective of appellant's reasons for failing to present any evidence in this regard, there is nothing in the record to show that the trial court erred in denying bond. Appellant's enumeration of error is without merit.

2. Appellant contends that the trial judge should have disqualified himself from hearing the present case because he had "apparently" already viewed the evidence and talked with the witnesses. Appellant made no motion to disqualify the juvenile court judge at the trial level. However, he argues that the judge should have voluntarily disqualified himself because he was not impartial. Assuming but not deciding that the record shows the judge to be biased, this would not have disqualified him as a judge in the case. " '[B]ias or prejudice on the part of a judge does not disqualify him, in the absence of a statutory provision on the subject.' " *Hennon v. State,* 33 Ga. App. 600, 601 (127 SE 473). Code § 24-102 sets forth the statutory grounds for disqualification of a judicial officer. These grounds have been held to be exhaustive. *Yeargin v. Hamilton Memorial Hospital,* 229 Ga. 870 (4) (195 SE2d 8). The record does not show that the trial judge came within any of these statutory provisions.

Further, "waiver of disqualification of a judge may be effected expressly by agreement, or impliedly by proceeding without objection with the trial of the case with knowledge of the disqualification." *Ga. Power Co. v. Watts,* 184 Ga. 135 (9) (190 SE 654).

3. Appellant urges error in the court's failing to conduct a dispositional hearing after determining that the child was delinquent. Code § 24A-2201 (b) provides: "If the court finds on proof beyond a reasonable doubt that the child committed the acts by reason of which he is alleged to be delinquent or unruly, it *shall* proceed immediately or at a later time to conduct a dispositional hearing for the purpose of hearing evidence as to whether the child is in need of treatment, rehabilitation, or

supervision and to make and file its findings thereon. . ." "The Juvenile Court Code *requires* separate trials with each having a different goal. The first or adjudicatory process in a delinquency case is a full scale fact-finding hearing to determine if the child committed the act with which he is charged and whether that constitutes delinquency." *D. C. A. v. State of Ga.,* 135 Ga. App. 234, 237 (217 SE2d 470). During this adjudicatory phase, the rules of evidence generally prevail. In the second (dispositional) phase, the court hears virtually all evidence which is material and relevant to the issue of disposition. The judge can "explore all additional avenues, including psychiatric and sociological studies, which would enable him to provide a solution for the youngster and his family aimed at making the child a secure law-abiding member of society." *D. C. A. v. State of Ga.,* supra, p. 238. "In dispositional hearings . . . all information helpful in determining the questions presented, including oral and written reports, may be received by the court and relied upon to the extent of its probative value even though not otherwise competent in the hearing on the petition." Code § 24A-2201 (d).

In the present case, the trial judge only held one phase of the bifurcated procedure. The juvenile had a right to a dispositional hearing in which he could have presented evidence relevant to the issue of disposition. We find that the juvenile code requires both an adjudicatory and dispositional hearing. Accordingly, the trial judge erred in making a disposition in the case in the absence of a dispositional hearing. The case is therefore remanded to the juvenile court for a dispositional hearing and a redetermination regarding the disposition of appellant's case.

*Judgment affirmed with direction. Marshall and McMurray, JJ., concur.*

SUBMITTED JULY 7, 1976 — DECIDED SEPTEMBER 10, 1976.

*Wynn Pelham,* for appellant.
*Nat Hancock, District Attorney,* for appellee.