67384. CHAMBLESS FORD TRACTOR, INC. et al. v. McGLAUN FARMS, INC.

Deen, Presiding Judge.

This appeal stems from an action on account brought by appellant Chambless Ford Tractor, Inc. (Chambless), against

appellee McGlaun Farms, Inc. (McGlaun), in connection with appellant's repair, and subsequent retention for non-payment, of a tractor owned by McGlaun and subject to a perfected security interest held by the Small Business Administration (SBA). McGlaun had refused to pay the $8,416.16 repair charge assessed by Chambless, contending that the repairs were necessitated by Chambless' negligent and faulty repair and parts replacement on the same, tractor some two months prior to the breakdown for which the most recent repairs had been undertaken. McGlaun further contended that, even had the breakdown been due to some cause other than Chambless' allegedly negligent and faulty work, the 90-day warranty on the replacement parts (and particularly on a dual-power engine unit) should have covered the cost of repairs.

Chambless filed a mechanic's lien pursuant to OCGA § 44-14-361 *et seq.* (Code Ann. § 67-2001); appellee contests both the venue and the timeliness of this filing. Appellants then instituted foreclosure proceedings in accordance with OCGA § 44-14-550 (2) (Code Ann. § 67-2401), and a hearing was scheduled, pursuant to OCGA § 44-14-550 (3) (Code Ann. § 67-2401), "to determine if reasonable cause exists to believe that a valid debt exists." At the probable cause hearing appellant's counsel contended that no evidence should be admitted tending to show the reasons for either the accrual of the sum allegedly owed or appellee's refusal to pay upon demand, as provided in OCGA § 44-14-550 (1) (Code Ann. § 67-2401). Introduction of such evidence should be postponed, appellant argued, until the "full hearing on the validity of the debt" provided for in OCGA § 44-14-550 (5) (Code Ann. § 67-2001); that is, after a determination at the initial hearing "that reasonable cause exists to believe that a valid debt exists" (subsections 3, 4). Appellee McGlaun argued, on the other hand, that introduction of such evidence at the initial hearing was appropriate because the evidence was necessary to the determination of the existence of a valid debt. Counsel for SBA argued that under OCGA § 11-9-310 (Code Ann. § 109A-9—310) SBA's prior and perfected security interest had priority over Chambless' lien, and that appellant's retention of the tractor, especially if the court authorized its continuation, would seriously prejudice its security interest, evidenced by a timely filed financing statement, in all McGlaun's farm equipment.

The trial court requested letter briefs of counsel for both plaintiff and defendant. The record indicates that McGlaun's counsel complied with this request but that counsel for appellant apparently did not. After consideration of all relevant documents, the court entered an order "that defendant's motions [for a hearing

and for dismissal of the foreclosure proceedings and the lien] be granted, that plaintiff's notice of lien foreclosure and its lien be dismissed" on the basis of *Newton Ford Tractor, Inc. v. J. I. Case Credit Corp.,* 163 Ga. App. 497 (294 SE2d 723) (1982), and that "plaintiff . . . relinquish possession of the subject Ford tractor to defendant." Chambless appealed from this judgment, enumerating as error the following: (1) the dismissal of the foreclosure proceedings and the lien; (2) the court's predicating the dismissal upon the rationale of a case which appellant contends is inapposite to the instant case; (3) the court's ordering the tractor returned to appellee McGlaun; and (4) the court's failure to make written findings of fact and conclusions of law in its order of dismissal. *Held:*

1. In the first paragraph of his order of dismissal the trial court set forth his ruling, as indicated supra. The second paragraph of the order consisted of the following sentence: "The basis of this ruling is *Newton Ford Tractor Co., Inc. v. J. I. Case Credit Corp.,* 163 Ga. App. 497 (1982)." The order did not expressly set forth findings of fact or conclusions of law *eo nomine.*

Unless waived in writing, the requirement of OCGA § 9-11-52 (a) (Code Ann. § 81A-152) that the court make findings of fact and conclusions of law is mandatory. *Motes v. Stanton,* 237 Ga. 440 (228 SE2d 831) (1976); *Doyal Development Co. v. Blair,* 234 Ga. 261 (215 SE2d 471) (1975). Compare OCGA §§ 9-11-12, 9-11-41 (b), 9-11-56 (Code Ann. §§ 81A-112, 81A-141, 81A-156). The findings should be brief, concise, pertinent, and adjusted to the evidence, and should be neither redundant nor argumentative. *Spivey v. Mayson,* 124 Ga. App. 775 (186 SE2d 154) (1971). Because the primary reason for requiring findings of fact and conclusions of law is to assist the appellate court in its review of the merits of an appeal, *Coleman v. Coleman,* 238 Ga. 183 (232 SE2d 57) (1977), the findings should be sufficiently inclusive to afford the means for an intelligent review. *Donaldson v. Hopkins,* 132 Ga. App. 713 (209 SE2d 131) (1974).

Although under the statute findings of fact and conclusions of law are mandatory, their absence is not necessarily a fatal defect requiring reversal of the judgment. *Kennedy v. Brown,* 239 Ga. 286 (236 SE2d 632) (1977); *Frasier v. Dept. of Human Resources,* 159 Ga. App. 1 (282 SE2d 667) (1981). When such an omission occurs the appellate court will ordinarily vacate the judgment and remand the action to the trial court for the preparation of appropriate findings. *Kennedy v. Brown,* supra; *Jacobs Pharmacy Co. v. Richards & Assocs.,* 229 Ga. 156 (189 SE2d 853) (1972); *Hickok v. Starka Indus.,* 151 Ga. App. 668 (261 SE2d 418) (1979); *Spivey v. Mayson,* supra.

Georgia courts have recently held that a substantial compliance with the Codal requirements is sufficient. *Paxton v. Trust Co. Bank,* 245 Ga. 834 (268 SE2d 154) (1980); *Frasier v. Dept. of Human Resources,* supra. In the instant case the court's conclusion is obvious from the text of the order: appellant's right to possession of the tractor, if such right existed at all, was subordinate to that of the creditor holding a prior perfected security interest. We find, however, that the order does not set forth findings of fact with sufficient specificity to constitute substantial compliance, even under the liberal *Paxton* standard, with the requirements of OCGA § 9-11-52 (Code Ann. § 81A-152). See *Salvador v. Wals,* 139 Ga. App. 362 (228 SE2d 384) (1976). We therefore remand the case to the trial court with direction that the judgment be vacated, that findings of fact be made, and that a new judgment be entered, after which the losing party shall be entitled to appeal.

2. The court notes the difficulty experienced at trial by counsel for both parties, and by the court as well, in interpreting the language of OCGA § 44-14-550 (Code Ann. § 67-2401), particularly with respect to ascertaining the line of demarcation between the "probable cause hearing" contemplated in subsections (3) and (4) of the statute and the "full hearing" provided in subsection (5). The full hearing, it would seem, is necessary only "if at the probable cause hearing the court determines that reasonable cause exists to believe that a valid debt exists" (subsection [4]). On the other hand, the purpose of the full hearing is "a further determination of the validity of the debt" (subsection [5]), and a foreclosure is authorized only "[i]f after a full hearing the court finds that a valid debt exists." Under this language (subsection [6]), we must agree with McGlaun's counsel that the introduction of evidence regarding the circumstances under which the charges were incurred is essential to determining whether "reasonable cause exists to believe that a valid debt exists." In view of the statute's imprecise and inartful language and its seemingly duplicitous provisions, we sympathize with the difficulties experienced in the court below. We would urge that in future actions brought under the statutes involved in this case, the trial court, out of an abundance of caution, make a formal statement regarding the necessity *vel non* of holding a "full" hearing.

*Judgment reversed and case remanded. Banke, J., concurs. Carley, J., concurs in Division 1 and in the judgment.*

DECIDED FEBRUARY 1, 1984.

Joseph L. Waldrep, for appellants.
James E. Butler, Jr., for appellee.