A90A1276. IN THE INTEREST of N. N. G., a child.
(397 SE2d 40)

BEASLEY, Judge.

N. N. G. was found by the juvenile court to have committed an act that brought him within the Designated Felony Act, OCGA § 15-11-37. After denying the child's motion for new trial, the court entered an order finding that he committed the offense of murder beyond a reasonable doubt, was delinquent, and was in need of treatment or rehabilitation. The order committed N. N. G. to the county's child treatment center, pending consideration for designated felony sentencing. In a later order the court recited the considerations set forth in OCGA § 15-11-37 (c), some expressly and some by implication. In accordance with OCGA § 15-11-37 (e), it sentenced N. N. G. to eighteen months' confinement in a youth development center followed by twelve months' intensive supervision with home visits during confinement.

The enumerations of error are: (1) the judgment is against the weight of the evidence inasmuch as the testimony of the State's main witness should have been disregarded; (2) the court abused its discretion in denying the motion for new trial; (3) the trial court violated appellant's procedural due process rights by refusing to hear evidence at the motion hearing; (4) the trial court failed to act in a neutral and detached way during the examination of appellant's sister; (5) the court failed to make sufficient findings of fact; (6) the court, in violation of OCGA § 15-11-37, failed to allow evidence concerning the nature and circumstances of the offense at the dispositional hearing.

1. The thrust of the first assignment of error is that the testimony of the State's principal witness should have been disregarded because he was not a credible witness. The weight of the evidence, like the credibility of witnesses, is for the finder of fact, and this court looks only to the sufficiency of the evidence. *Helms v. State*, 191 Ga. App. 283, 284 (381 SE2d 428) (1989). The evidence here, although conflicting, was sufficient to sustain the judgment.

2. Appellant's second, third, and sixth enumerations pertain to the court's denial of the motion for new trial and refusal at the dispositional hearing to hear the testimony which had been the basis for the motion for new trial — that is, that a witness had come forward after trial and stated he had witnessed the shooting and had seen appellant in possession of a gun. At best, the excluded testimony would have been cumulative of evidence admitted at trial. The motion for new trial was therefore properly denied. *Timberlake v. State*, 246 Ga. 488 (271 SE2d 792) (1980); *White v. State*, 180 Ga. App. 185 (348 SE2d 728) (1986).

At the dispositional hearing the court excluded the proffered testimony on the basis that to hear only cumulative testimony would amount to retrying the case, and that the testimony was therefore irrelevant to the issues to be resolved at the dispositional hearing. When the relevancy or competency of evidence is questionable, the proffered evidence should be admitted and its weight left to the jury. *Palmer v. State*, 186 Ga. App. 892 (369 SE2d 38) (1988). In the instant case, however, there was no doubt that in the circumstances of the case, the proffered evidence would not tend to prove or disprove any material fact at issue and was therefore, by definition, irrelevant. *Hanvey v. State*, 186 Ga. App. 690 (368 SE2d 357) (1988). Its exclusion was therefore proper.

3. The demeanor of the trial judge during the questioning of appellant's sister was entirely proper and gave no indication of other than a detached and neutral approach to the issues and to the particular witness.

4. The court's order of judgment and disposition does not expressly recite all of the criteria set forth in OCGA § 15-11-37 (c). The court had an eight-page "Social History Investigation and Summary for DFA Consideration" prepared by a member of the juvenile court staff expressly to assist it. This report tracked the statutory language and contained ample facts to serve as a sufficient basis for the court's findings of fact and conclusions. However, this does not suffice because subsection (b) of Section 37 explicitly requires the court to make "written findings of fact as to each of the elements set forth in paragraphs (1) through (5) of subsection (c) of this Code section as related to the particular juvenile." That was not done in this case, which must be reversed and remanded for entry of a new disposi-

tional order fully complying with all the mandates of the governing subsection. The staff's report is not a substitute for the court's findings.

Appellant's reliance on cases construing OCGA § 9-11-52 is misplaced as that statute applies to civil bench trials. The Civil Practice Act does not apply to juvenile courts. *Coleman v. Coleman*, 238 Ga. 183 (232 SE2d 57) (1977).

*Judgment reversed and case remanded with direction. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 4, 1990.

*Jonathan Goldberg*, for appellant.

*Lewis R. Slaton*, District Attorney, *Carl P. Greenberg, Joseph J. Drolet, Lyn K. Armstrong*, Assistant District Attorneys, for appellee.

