A90A1692. IN THE INTEREST OF C. T., a child.
(398 SE2d 286)

BIRDSONG, Judge.

This is an appeal by C. T., a child of age 15, from a judgment of disposition of the juvenile court. A petition was filed averring appellant committed armed robbery. Appellant admitted the charge, was adjudicated delinquent, and was held pending disposition pursuant to OCGA § 15-11-37 (designated felony act). Subsequently, C. T. was released for a 90-day trial period in probation status. At the final disposition hearing, the juvenile court judge placed C. T. in the custody of the Division of Youth Services for an initial period of five years, and committed her into restrictive custody for a specified period in a Youth Development Center to be followed by a period of intensive supervision. *Held*:

1. Appellant asserts the trial court violated appellant's Sixth Amendment right to assistance of counsel and her right to due process by refusing to allow her attorney final argument. The record reflects appellant did not make any timely objection to the ruling based on constitutional grounds. By failing to raise these constitutional issues at the hearing and by failing to obtain a ruling thereon, appellant has waived them; therefore, these issues are not preserved for appeal. *Meders v. State*, 260 Ga. 49, 54 (2) (b) (389 SE2d 320); *Allen v. Montgomery Ward & Co.*, 186 Ga. App. 337 (2) (367 SE2d 120). Moreover, the record reflects that before calling witnesses, appellant's counsel made a lengthy argument setting out in detail why appellant should not be placed in restrictive custody. The court has inherent power to supervise the course of the trial (*Johnson v. State*, 254 Ga.

591 (11) (331 SE2d 578)) and under the circumstances, did not abuse its discretion in declining to allow appellant further argument after her witnesses had testified. Further, appellant has made no showing on appeal of any new matter which she would have presented had final argument been allowed. Harm as well as error must be shown to authorize reversal. *Robinson v. State*, 229 Ga. 14, 15 (1) (189 SE2d 53).

2. Appellant asserts the trial court's disposition is contrary to the weight of the evidence. On appeal the evidence must be viewed in a light most favorable to the findings and judgment. See generally *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737); *Williams v. Perry*, 187 Ga. App. 586 (1) (370 SE2d 836); *In the Interest of C. D. L.*, 184 Ga. App. 412 (361 SE2d 527). An appellate court determines sufficiency of the evidence; it does not weigh the evidence or determine witness credibility. *In the Interest of E. P. N.*, 193 Ga. App. 742, 748 (388 SE2d 903).

Appellant made an informed admission both on the record and in writing, concurred in by her natural father who also was present before the referee, that she committed an offense of armed robbery on or about December 6, 1989, as averred in the petition. The record contains a written "Admission by Juvenile" which was duly signed by appellant, her father, and her attorney. This written admission reflects, inter alia, that appellant understands "that this admission or confession is the same as pleading 'guilty' to these charges. I am willing to be found delinquent without hearing the evidence from witnesses and without a trial or formal hearing. I understand that the [c]ourt can make whatever order or disposition it finds necessary in my case and that I might even be placed in an institution for delinquent children." The transcript also reflects that the juvenile was advised, inter alia as follows: "THE COURT: You understand also, that I can make whatever decision, I feel that's best in your interest? I can lock you up here in juvenile court? Or place you on probation? Or could commit you to the State for placement in a training school? Do you understand these things? THE JUVENILE: Yes."

"Where a juvenile is charged with an offense which for an adult would be a crime, the standard of proof in the lower court is 'beyond a reasonable doubt.'" *In the Interest of C. D. L.*, supra at 412. In a juvenile proceeding, a formal admission of guilt by a juvenile that is on its face knowingly, voluntarily and intelligently made is similar in effect to a plea of guilty. Thus, appellant's knowing, voluntary, and intelligent admission of guilt of the crime of armed robbery, as that offense was averred in the petition, was sufficient to meet the requirements of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) for purposes of establishing that appellant was guilty of committing the offense as averred; and as crafted, the "Admission by Juve-

nile" also constituted in effect an admission in judicio of delinquency.

A designated felony act within the meaning of OCGA § 15-11-37 (a) (2) (B) includes, inter alia, "armed robbery, if done by a juvenile 13 or more years of age." Regarding the issue of whether a juvenile should be placed in restrictive custody, OCGA § 15-11-37 (b) pertinently provides: "Where a juvenile is found to have committed a designated felony act, the order of disposition . . . shall include a finding *based on a preponderance of the evidence* as to whether, for the purposes of this Code section, the juvenile does or does not require restrictive custody. . . ." (Emphasis supplied.) The evidence of record is sufficient to meet this evidentiary standard of proof.

In addition to the appellant's informed admission of committing the crime of armed robbery, the record establishes she struck the victim in the face while her co-accomplice accosted the victim at pistol point. The victim testified regarding the continuing adverse emotional impact that the offense had upon her. A supervisor of a caseworker section testified that while on probation appellant reported only four or five of the required nine reporting times, but recommended that appellant be committed to the Department of Human Resources under non-restrictive custody. A probation officer had recommended before appellant's trial release on probation that she be committed on a non-restrictive basis. This probation officer also testified that although she believed appellant understood the seriousness of her acts, she did not observe appellant exhibit any "remorseful feelings" when she talked with her. The record further establishes that appellant did not adequately comply with several of the more substantial probation provisions during her trial release, although she did not commit any crimes during that time period. Viewing the record in its totality, the evidence is sufficient to sustain the final disposition order and judgment of the juvenile judge.

3. Appellant asserts the trial court erred in failing to make specific findings of fact in support of its ruling.

The State argues there is no requirement, pursuant to OCGA § 15-11-37, that the findings of fact contain a reference to each item listed in OCGA § 15-11-37 (c), but rather the statute only requires the court *consider* each item. However, OCGA § 15-11-37 (b) expressly provides that the order of disposition *shall* include a finding whether the juvenile requires restrictive custody, "in connection with which the court *shall* make specific written findings of fact *as to each of the elements* set forth in paragraphs (1) through (5) of subsection (c) of this Code section *as related to the particular juvenile*." (Emphasis supplied.) Thus, it is statutorily required that the court not merely consider but also make specific written findings of fact, as related to C. T., regarding the following "elements:" "(1) The needs and best interests of the juvenile; (2) The *record* and background of the juve-

nile; (3) The nature and circumstances of the offense, including whether any injury [physical or emotional] involved was inflicted by the juvenile or another participant; (4) The need for protection of the community; and (5) The age and physical condition of the victim." (Emphasis supplied.) OCGA § 15-11-37 (c) (1)-(5). The extent and depth of analysis to which each of these "elements" must be subjected is in large measure within the sound discretion of the court. It is required, as a statutory minimum, that *each* of these "elements" must be *specifically* addressed in writing. These findings not only provide a meaningful legal road map for the lower court in exercising discretion in effecting a fundamentally fair case disposition, but also "assist the appellate court in its review of the merits of an appeal." See *Chambless Ford Tractor v. McGlaun Farms*, 169 Ga. App. 672, 674 (1) (314 SE2d 689). "[T]he findings should be sufficiently inclusive to afford the means for an intelligent review." Id.

Although juvenile disposition proceedings are not analogous to adult proceedings in many significant respects, nevertheless "due process must be afforded." *In re B. C.*, 169 Ga. App. 200, 201 (311 SE2d 857). While procedural due process of law for juveniles in juvenile court includes notice and hearing, "[t]he constitutions do not afford special rights to juveniles. Their special rights are created by statute." *Chapman v. State*, 259 Ga. 592, 593 (385 SE2d 661). Two of the primary purposes for amending the Juvenile Court Code of Georgia a decade ago was "to provide for *disposition* of juveniles who commit designated felony acts" and "to provide for practice, *procedure*, and other matters relative to the foregoing. . . ." (Emphasis supplied.) Ga. L. 1980, p. 1013. Thus, the legislature saw fit to provide special rights by promulgating an explicit *procedure* for the making of certain specific written findings of fact and for the judicial consideration of each of the elements so found. The purpose of this procedure was to ensure that a determination as to restrictive custody, regarding a particular juvenile, would not be accomplished in an arbitrary manner, but only with fundamental fairness after the required statutory findings had been made and duly considered by the court. See generally OCGA § 15-11-37 (b) & (c). Moreover, our Supreme Court has held an appellate court cannot condone a "violation of the statutory scheme set up by our legislature. . . ." *In re T. E. D.*, 169 Ga. App. 401, 403 (312 SE2d 864). In the event of such a violation, an "appellate court will ordinarily vacate the judgment and remand the action to the trial court for the preparation of appropriate findings." See generally *Chambless*, supra at 674.

We need not determine whether it is sufficient only to comply substantially with the expressly mandated procedures of OCGA § 15-11-37 (b) and (c) (compare OCGA § 1-3-1 (c) with *Bible v. Bible*, 259 Ga. 418, 419 (383 SE2d 108)), as the court has failed to comply, even

substantially, therewith. While the trial court may couch findings in conclusory terms, the findings in this case are devoid of "specific written findings of fact" regarding the important element of the "record" of the juvenile. Although some background information concerning the juvenile is provided, the judgment and disposition are silent as to C. T.'s "record." Specifically, no findings were made regarding her past record of no criminal violations and her record during probation in regard to law abiding conduct. Also, the element of the "physical condition of the victim" (both before and as a result of the designated felony act) has not been reduced to a "specific written finding of fact." The purpose of the specific findings is to specify in writing the essential elements involved in the case of a particular juvenile and thereby assist the lower court in its consideration of all of the mandated statutory elements — both those supporting and those mitigating against a particular case disposition. By complying with statutory procedure, the lower court will have the documented benefit of those elements relevant to its balancing process, and an appellate court will have documented assistance in determining whether a breach of discretion may have occurred in a particular case.

Accordingly, judgment must be vacated and the case remanded for compliance with the statutory requirements for specific written findings of fact as to each of the elements set forth in OCGA § 15-11-37 (c) (1)-(5). The court shall consider each specific written finding and shall thereafter enter an appropriate judgment and disposition.

*Judgment vacated and case remanded with direction. Banke, P. J., and Cooper, J., concur.*

DECIDED OCTOBER 17, 1990.

*Vernon S. Pitts, Avis K. Hornsby,* for appellant.
*Lewis R. Slaton, District Attorney, Lyn K. Armstrong, Joseph J. Drolet, William C. Akins, Richard E. Hicks, Assistant District Attorneys,* for appellee.

