A91A1861. In the Interest of J. E. H., a child.
(413 SE2d 227)

McMurray, Presiding Judge.

J. E. H. was adjudged to have committed the "traffic offense of Spinning Tires." The punishment imposed by the Juvenile Court included a requirement that J. E. H. write a 2,500 word theme paper on Traffic Safety. Subsequently, a "PETITION (DELINQUENT/UNRULY)" was filed in juvenile court alleging that J. E. H. "has violated the section of the code cited below and is a delinquent/unruly child by reason of the facts set forth below.

"A. Above child is in violation of Georgia Juvenile Code 15-11-62, CONTEMPT OF COURT, to wit: after being ordered by Judge Ronald Cook on May 1, 1991, to write a 2500 word theme on 'Traffic Safety', child did disobey said order by writing a paper full of obscenities and of a demeaning and insulting nature toward the Court, the Police Officer, and the Court system in general." The petition alleged "[t]hat said child is in need of supervision, treatment or rehabilitation."

Following a hearing, the juvenile court entered an order stating that the theme paper submitted by J. E. H. was "found to contain numerous obscenities and did not concern itself with traffic safety, but rather a derogatory description of law enforcement, the judicial system, and his personal feelings concerning the judge, and the district attorney." Based on these findings of fact, J. E. H. was adjudged to have committed a contempt of court and was ordered to "purge himself of this contempt by surrendering his [driver's] license for a period of six months and rewriting the theme in an appropriate manner . . . of 5,000 words in length . . . on traffic safety." The juvenile court's order also provided that "[t]he Court will review the theme as to style and content and if not appropriate, the Court will order further suspension of his license."

J. E. H. appeals the juvenile court's order. The sole enumeration of error complains that the suspension of J. E. H.'s driver's license was an illegal punishment. *Held*:

J. E. H. contends that the punishment imposed exceeds that permitted by OCGA § 15-6-8 (5) for contempt of court. However, we are not dealing directly with contempt of court. OCGA § 15-11-62, authorizing the juvenile court to punish for contempt of that court and incorporating the procedures therefor, must be read together with the remainder of the juvenile code so that, when a criminal contemnor is a child, the case is recognized to be a juvenile matter. Therefore, the

case sub judice can only be viewed as a delinquency proceeding predicated on an allegation that J. E. H. has committed criminal contempt of court.[1] See OCGA § 15-11-2 (6, 7).

OCGA § 15-11-33 provides for a bifurcated procedure in a delinquency case. The adjudicatory stage has been completed and the juvenile court has entered its determination that there is proof beyond a reasonable doubt that J. E. H. committed the act charged which is designated a crime by the laws of Georgia.

However, in the case sub judice, the juvenile court has held only one phase of the bifurcated procedure. "The juvenile had a right to a dispositional hearing in which he could have presented evidence relevant to the issue of disposition. We find that the juvenile code requires both an adjudicatory and dispositional hearing. Accordingly, the trial judge erred in making a disposition in the case in the absence of a dispositional hearing. The case is therefore remanded to the juvenile court for a dispositional hearing and a redetermination regarding the disposition of appellant's case." *J. B. v. State of Ga.*, 139 Ga. App. 545, 546 (3), 547 (228 SE2d 712).

Following a dispositional hearing, if the juvenile court finds that J. E. H. is in need of treatment or rehabilitation it may make any of the orders of disposition provided under OCGA § 15-11-35. This includes the suspension of J. E. H.'s driver's license pursuant to OCGA § 15-11-35 (b).

*Judgment affirmed with direction. Sognier, C. J., and Andrews, J., concur.*

DECIDED NOVEMBER 21, 1991.

*Robert L. Ferguson*, for appellant.

*W. Fletcher Sams, District Attorney, W. Hawley Stevens, Assistant District Attorney* for appellee.

---

[1] *In re Crane*, 253 Ga, 667, 669 (2) (324 SE2d 443) and *Garland v. State*, 253 Ga. 789, 790 (1) (325 SE2d 131) overruled *Pedigo v. Celanese Corp.*, 205 Ga. 392 (54 SE2d 252) and held "that in all criminal contempt cases the evidence of the contempt must be beyond a reasonable doubt." While *Pedigo* stated the long established view that criminal contempt is not, strictly speaking, a criminal case, but is only quasi-criminal, *Garland* adopted the view that " '[c]riminal contempt is a crime in the ordinary sense; it is a violation of the law, a public wrong which is punishable by fine or imprisonment or both.' [Cit.]" Id. at 790 (1).