A97A1783. IN THE INTEREST OF Y. E., a child.
(494 SE2d 297)

Judge Harold R. Banke.

After a hearing pursuant to OCGA § 15-11-33 (a), Y. E., a minor, was adjudicated delinquent, upon a finding that she committed two designated felony acts, which, if committed by an adult, would have been aggravated assault and carrying a weapon on school property.

---

On appeal, she enumerates four errors.

This case arose after Y. E. and the victim exchanged insults at school. During gym class, as the victim walked around the track, she neared Y. E., who pulled a box cutter from her slacks and twice cut the victim's arm.

After hearing the evidence, the trial court adjudicated Y. E. delinquent. It ordered that she be placed in restrictive custody for five years. *Held*:

1. The trial court's failure to make written findings on each of the five elements set forth in OCGA § 15-11-37 (c) requires reversal.[1] OCGA § 15-11-37 (b) (requiring "specific, written findings of fact as to each" of subsection c's elements); *In the Interest of N. N. G.*, 196 Ga. App. 765, 766 (4) (397 SE2d 40) (1990) (reversing for failure to make findings of fact on each element). Specifically, the court's order of commitment failed to include written findings on the first, and arguably the most important, of the criteria: "[t]he needs and best interests of the juvenile." OCGA § 15-11-37 (c) (1). This omission is particularly troubling in light of the court's comment in imposing restrictive custody, that "[t]he needs and best interest of the juvenile, even though we all wish to consider that in a designated . . . [felony] statute, by law it's a penative [sic] statute. It's not one to deal necessarily with rehabilitation and treatment." Compare *P. R. v. State of Ga.*, 133 Ga. App. 346, 347 (1) (210 SE2d 839) (1974) (" 'The objective that a child having been subjected to the juvenile process be treated or rehabilitated and returned to society to lead a useful life is . . . fundamental to the entire [Juvenile] Code.' "). The trial court is directed to consider Y. E.'s needs and best interests in light of the Juvenile Code's objectives. See *T. K. v. State of Ga.*, 126 Ga. App. 269, 274 (1) (190 SE2d 588) (1972) (the Juvenile Code "seeks nonconfinement, rehabilitation, and restoration to parental care wherever possible rather than punishment").

2. Y. E. argues that the appointment of her attorney so close to the date of her dispositional hearing restricted her right to meaningful counsel. The record shows that the hearing was held on November 5, 1996, and counsel was appointed on either Friday, November 1 or Monday, November 4. Y. E. was not confined in the town in which her attorney was located and counsel had no access to her until a few minutes before the hearing.

---

[1] Y. E.'s first enumeration argues that the trial court failed to properly consider her needs and best interests as required by OCGA § 15-11-37 (c). Our disposition of Division 1 necessarily incorporates that enumeration by requiring the trial court to make written findings on that issue. Because the remaining elements were specifically addressed in writing in the order of commitment, we cannot agree that the court failed to consider them. See *In the Interest of C. T.*, 197 Ga. App. 300, 303 (3) (398 SE2d 286) (1990) (depth of analysis of OCGA § 15-11- 37 (c) criteria a matter of discretion).

Counsel's failure to request a continuance or otherwise raise the issue below precludes our consideration of it. See *Greene v. State*, 260 Ga. 472, 473 (1) (396 SE2d 901) (1990). We reiterate, however, that counsel is entitled to a reasonable time to prepare a defense. *Lowrance v. State*, 183 Ga. App. 421, 422 (1) (359 SE2d 196) (1987) (physical precedent only); see *In re B. M. H.*, 177 Ga. App. 478, 479 (339 SE2d 757) (1986).

3. Y. E.'s claim that OCGA § 15-11-28 (a) is unconstitutional because it denies juveniles the right to a jury trial is foreclosed by *Robinson v. State*, 227 Ga. 140, 142 (179 SE2d 248) (1971).

*Judgment vacated and case remanded with direction. Beasley and Smith, JJ., concur.*

DECIDED NOVEMBER 20, 1997.

*Seals & Whatley, E. Earl Seals*, for appellant.
*Peter J. Skandalakis, District Attorney, Brett E. Pinion, Assistant District Attorney*, for appellee.