A98A1578. IN THE INTEREST OF M. D., a child.
(503 SE2d 888)

ELDRIDGE, Judge.

On December 15, 1997, Officer R. Hembree of the Clayton County Police Department was dispatched to Morrow Middle School upon a request by the school's principal, who had received information about an incident involving appellant M. D., a 13-year-old student. After interviewing M. D., the victim, and other witnesses, the officer filed a petition in Clayton County Juvenile Court which alleged that M. D., while in possession of a gun, pushed, struck, and threatened a fellow student on December 12, 1997, when both students were on school grounds after a basketball game.

On February 9, 1998, the court held an adjudicatory hearing, during which several witnesses testified regarding the incident. Following the presentation of evidence and arguments, the juvenile court found that M. D. committed the offenses of carrying a weapon at a school function or on school property (OCGA § 16-11-127.1), simple battery (OCGA § 16-5-23), and terroristic threats and acts (OCGA § 16-11-37).

The court then immediately moved into the dispositional phase. However, the probation officer notified the court that he was not prepared to make a recommendation regarding disposition, explaining that the Clayton County Juvenile Court generally conducted dispositional hearings on Wednesdays. The court responded that "I don't know what y'all's procedure is up here, but I'll go forth with my procedure."[1] The defense made no request to present evidence, argument, or other matters regarding the best interest of the child. The court then issued its dispositional order without further inquiry or evidence. Such order required M. D. to serve in restrictive custody for two consecutive periods of 90 days at a Youth Development Center, to serve 60 hours of community service, to pay supervision fees, and to abide by a 6:00 p.m. curfew.

On February 18, 1998, M. D. moved the court to reduce the order of 180 days of restrictive custody, based upon the court's failure to conduct a dispositional hearing pursuant to OCGA § 15-11-33 (c);

---

[1] The judge in this case served upon appointment after the three Clayton County Juvenile Court judges voluntarily recused themselves from hearing the case due to the fact that the victim was the child of a court employee.

M. D. also requested supersedeas bond. The court denied the motions. M. D. appeals. *Held*:

1. Without challenging the adjudication of delinquency, M. D. asserts that the court committed reversible error by failing to conduct a dispositional hearing, as mandated by OCGA § 15-11-33. We agree.

"OCGA § 15-11-33 (c) provides for a bifurcated procedure in a delinquency case. When the adjudicatory stage has been completed, the court must conduct a dispositional hearing." *In the Interest of C. W.*, 227 Ga. App. 763, 768 (490 SE2d 442) (1997). During such hearing, "[v]irtually any evidence that is material and relevant on the issue of disposition is admissible, because for purposes of making an appropriate disposition, the court needs to know as much about the child as possible." *D. C. A. v. State of Ga.*, 135 Ga. App. 234, 237 (217 SE2d 470) (1975). Thereafter, the court has the opportunity to "explore all available additional avenues, including psychiatric and sociological studies, which would enable [the court] to provide a solution for the youngster and his family aimed at making the child a secure law-abiding member of society." Id. at 238. See also *J. B. v. State of Ga.*, 139 Ga. App. 545, 547 (228 SE2d 712) (1976).

Upon motion of either party or the court's own motion, a continuance may be granted to gather evidence for the dispositional hearing. OCGA § 15-11-33 (e). The probation officer's protest that he was unprepared to proceed until the next Wednesday should have been treated as a motion for continuance. The adjudicatory hearing may be immediately followed by the dispositional hearing. See OCGA § 15-11-33 (b) and (c). However, for such bifurcated procedures to fulfill the intended purpose of each meaningfully, both parties must be on notice of the court's intent to so proceed and to be prepared to proceed. To force either or both sides to proceed unprepared is to deny the dispositional hearing.

Thus, in this case, "the trial court held only one phase of the bifurcated procedure. The juvenile had a right to a dispositional hearing in which he could have presented evidence relevant to the issue of *disposition*. We find that the juvenile code requires both an adjudicatory and dispositional hearing. Accordingly, the trial judge erred in making a disposition in the case in the absence of a dispositional hearing. [*In the Interest of J. E. H.*, 202 Ga. App. 29, 30 (413 SE2d 227) (1991).]" (Punctuation omitted; emphasis supplied.) *In the Interest of C. W.*, supra at 768. See also OCGA § 15-11-33 (d). Further, "[e]rror based on the failure to hold it is neither harmless nor preserved only by objection." *In the Interest of C. W.*, supra at 768.

Therefore, we vacate the order of disposition and remand this case to the juvenile court for a dispositional hearing in accordance with OCGA § 15-11-33 (c) and (d), and a redetermination regarding

the disposition of M. D.'s case.

2. M. D. also challenges the disposition, asserting that it exceeds the maximum allowable penalties under OCGA § 15-11-35 (b). Since this issue may again be raised during the dispositional hearing on remand, we will address the issue on its merits.

(a) The juvenile court adjudicated M. D. delinquent based upon three allegations, including one designated felony, i.e., carrying or possessing a weapon in violation of OCGA § 16-11-127.1 (b). See OCGA § 15-11-37 (a) (2) (B) (iv). However, it is clear from the record that the court's order of 180 days of restrictive custody was entered under the provisions of OCGA § 15-11-35 (b) and not under the designated felony provisions of OCGA § 15-11-37. This is further evidenced by the fact that the court did not comply with the provisions of OCGA § 15-11-37 (b) and (c), which require written findings as to specific enumerated factors prior to committing a juvenile to restrictive custody on the basis of a designated felony. *In the Interest of C. T.*, 197 Ga. App. 300, 302-304 (3) (398 SE2d 286) (1990); *In the Interest of N. N. G.*, 196 Ga. App. 765, 766-767 (4) (397 SE2d 40) (1990).

(b) Therefore, the question is whether, under OCGA § 15-11-35 (b), the juvenile court judge has the power to order a juvenile to serve two consecutive 90-day terms in a youth development center for separate acts of delinquency, when the plain language of the statute states that, "[i]f the child is *adjudicated* for the commission of a delinquent act, the court may in its discretion, in addition to any other treatment or rehabilitation, order the child *to serve up to a maximum of 90 days in a youth development center.*" (Emphasis supplied.) OCGA § 15-11-35 (b).

"The express purpose of the Juvenile Court Code is to assist, protect, and restore children whose well-being as secure members of society is threatened. OCGA § 15-11-1 (1). . . . The statutory scheme is replete with distinctions between criminal matters and matters concerning juveniles alleged delinquent. The juvenile code is concerned with the care, guidance, and well-being of children, and juveniles are declared delinquent because they need treatment and rehabilitation. OCGA § 15-11-2 (7)." (Citations, punctuation, and footnote omitted.) *In re T. B.*, 268 Ga. 149, 150 (486 SE2d 177) (1997).

"In juvenile proceedings, the district attorney proceeds by a petition alleging delinquency based on conduct which is designated a crime or public offense under the laws. OCGA §§ 15-11-25; 15-11-39. The court adjudicates whether the child committed the *delinquent act*, not a *crime*. OCGA §§ 15-11-39 (b); 15-11-33. . . . The juvenile court *disposes* of the case after determining whether treatment, rehabilitation, or supervision is needed; it *does not sentence* the child. OCGA §§ 15-11-33; 15-11-35. And most telling of all, an order of disposition or other adjudication in a proceeding under this chapter is

*not a conviction* of a crime. OCGA § 15-11-38 (a)." (Citations and punctuation omitted; emphasis supplied.) *In the Interest of M. J. F.*, 191 Ga. App. 792, 793 (5) (383 SE2d 173) (1989).

In other words, after hearing evidence during the adjudicatory phase, the juvenile court makes a *single determination* of whether the child is delinquent, regardless of the number of offenses committed by the child. OCGA § 15-11-33 (a), (b) (2). If the court determines that the child is delinquent, then the focus turns to the appropriate disposition of the case, i.e., consideration of whether the delinquent child requires treatment, rehabilitation, or supervision, or whether the child may be discharged from detention or other restrictions. OCGA § 15-11-33 (c). This is also a *single* determination.

Accordingly, the juvenile court in this case did not have the option of "sentencing" M. D. to two consecutive 90-day terms in a youth development center, but was limited to the 90-day maximum provision of OCGA § 15-11-35 (b). However, this term of restrictive custody may be in addition to other treatment, rehabilitation, supervision, or suspension that is consistent with the dispositional options under OCGA §§ 15-11-35 (a), (b), (b.1), or (c) and 15-11-41 (a), (m), (n), or (o).

*Order of disposition vacated and remanded with direction. McMurray, P. J., and Blackburn, J., concur.*

DECIDED JULY 2, 1998.

*Daryl W. Queen*, for appellant.

*Robert E. Keller, District Attorney, R. Christopher Montgomery, Jr., Assistant District Attorney*, for appellee.