A99A1554. IN THE INTEREST OF S. P., a child.
(525 SE2d 403)

BARNES, Judge.

S. P., a minor, appeals from his adjudication of delinquency and placement in restrictive custody for committing aggravated assault, a designated felony under OCGA § 15-11-37. In this appeal, S. P. claims there is insufficient evidence to support a finding that he committed aggravated assault and that the trial court failed to make the written findings required by OCGA § 15-11-37 before placing him in restrictive custody. Although sufficient evidence supports the minor's delinquency adjudication, we must vacate the judgment and remand this case for the trial court to make the specific written findings of fact required by OCGA § 15-11-37 (b).

> In considering a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, we construe the evidence and every inference from the evidence in favor of the juvenile court's adjudication to determine if a reasonable finder of fact could have found, beyond a reasonable doubt, that the juveniles committed the acts charged.

*In the Interest of R. L. W.*, 225 Ga. App. 253, 254 (2) (483 SE2d 361) (1997). See also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Viewed in this light, the record shows that the victim was shot after a fight with one of S. P.'s friends, C. W. The victim testified that when he believed the fight was over, he turned away from C. W. to pick up his coat. When he turned back around, he saw C. W. pointing a shotgun at his face. S. P. then told C. W., "Give me the gun, let me shoot him." While S. P. was taking the gun from C. W., the victim started to run away, but he was shot two times before he could do so. After falling to the ground, the victim saw S. P. standing over him with the gun still pointed at him.

1. We find this evidence sufficient to support S. P.'s adjudication of delinquency for committing aggravated assault.

2. In S. P.'s remaining enumeration of error, he claims the trial court erred by failing to make the specific written findings required by OCGA § 15-11-37 (b). This Code section mandates that in cases where

> a juvenile is found to have committed a designated felony act, the order of disposition . . . shall include a finding based [upon the] preponderance of the evidence as to whether . . . the juvenile does or does not require restrictive custody . . . , in connection with which the court *shall* make specific written findings of fact as to each of the elements set forth in paragraphs (1) through (5) of subsection (c) of this Code section *as related to the particular juvenile.*

(Emphasis supplied.) See also *In the Interest of C. T.*, 197 Ga. App. 300, 302 (3) (398 SE2d 286) (1990). The five "elements" about which the trial court must make specific written findings, as related to the particular juvenile, are:

> (1) [t]he needs and best interest of the juvenile; (2) [t]he record and background of the juvenile; (3) [t]he nature and circumstances of the offense, including whether any injury involved was inflicted by the juvenile or another participant; (4) [t]he need for protection of the community; and (5) [t]he age and physical condition of the victim.

OCGA § 15-11-37 (c) (1)-(5).

In this case, the trial court's written disposition order stated only the following with regard to these elements:

> At a dispositional hearing held on 12-07-98, after hearing evidence, the court carefully reviewed the Social History and

its accompanying documents, the evidence presented in open court, the prior background and record of the youth, and the nature and circumstances of the offense. Based on this evidence, the court further finds that the needs and best interests of the child and the need of the community for protection can best be served by ordering that the child be placed under restrictive custody as ordered by OCGA § 15-11-37 (b).

Although the trial court stated, in a very general manner, that it had considered four of the five elements, it failed to make any statement in writing with regard to the fifth element, "[t]he age and physical condition of the victim." OCGA § 15-11-37 (c) (5). This omission alone mandates that we vacate the judgment against S. P. We are also troubled, however, by the lack of specificity with regard to the four elements the trial court did mention in its order. As a result, we remand this case to the trial court with the direction that the trial court make a specific finding of fact as to each of the five elements set forth in OCGA § 15-11-37 (c) as they relate to S. P. See *In the Interest of C. T.*, supra, 197 Ga. App. at 304.

*Judgment vacated and case remanded with direction. Blackburn, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 16, 1999.

*Ralph N. Jackson*, for appellant.
*Ralph M. Walke, District Attorney, Judson Green IV, Assistant District Attorney*, for appellee.

