**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and DILLARD, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**August 27, 2012**

# In the Court of Appeals of Georgia

A12A1559. IN THE INTEREST OF J. X. B., a child.

PHIPPS, Presiding Judge.

Following a hearing, 16-year-old J. X. B. was adjudicated delinquent after admitting that he had possessed a weapon (a baseball bat) in a school safety zone, in connection with an assault.[1] The Juvenile Court of Baldwin County ordered J. X. B.

---

[1] See OCGA § 16-11-127.1 (b) (1), which pertinently provides, with specified exceptions, that persons are prohibited from possessing within a school safety zone any weapon; "weapon" includes a bat. OCGA § 16-11-127.1 (a) (2). The hearing transcript shows, and it is undisputed, that on November 7, 2011, J. X. B. took a baseball bat to school and swung it at another student, whom he claimed had been bullying him. J. X. B. struck the student in the back and a bystander on the wrist; J. X. B. and the intended victim then wrestled on the ground before being separated by school officials.

placed in the custody of the Georgia Department of Juvenile Justice for 60 months, including confinement in a secure detention facility for 12 months.[2]

J. X. B. appeals from the order, contending that the juvenile court erred in ordering restrictive custody: (1) without making the specific written findings of fact required by OCGA § 15-11-63; and (2) when the evidence did not support such a disposition. Because the juvenile court failed to make the required specific written findings of fact, we vacate the judgment and remand the case for the juvenile court to make those written findings and to thereafter enter an appropriate order of disposition.

1. OCGA § 15-11-63 (b) pertinently provides that when a juvenile is found to have committed a "designated felony act,"[3] the juvenile court's order of disposition must include a finding based upon a preponderance of the evidence as to whether the juvenile requires restrictive custody. To determine whether restrictive custody is required, the juvenile court must consider and make *specific written findings of fact,*

---

[2] See generally OCGA § 15-11-63 (e) regarding restrictive custody orders and placement.

[3] "Designated felony act" includes an act which constitutes a first violation of OCGA § 16-11-127.1 involving any weapon together with an assault. OCGA § 15-11-63 (a) (2) (C.2) (i). J. X. B. does not dispute that he committed a "designated felony act" within the meaning of OCGA § 15-11-63.

*related to the particular child*, as to each of the following elements: (1) the needs and best interests of the child; (2) the record and background of the child; (3) the nature and circumstances of the offense, including whether any injury involved was inflicted by the child or another participant; (4) the need for protection of the community; and (5) the age and physical condition of the victim.[4] "These findings not only provide a meaningful legal road map for the lower court in exercising discretion in effecting a fundamentally fair case disposition, but also assist the appellate court in its review of the merits of an appeal."[5] Requiring specific written findings as to each essential element benefits the lower court in its balancing process, and assists this court in determining whether an abuse of discretion has occurred in a particular case.[6] "The weight to be accorded each [element], and the ultimate decision about whether restrictive custody is warranted, is committed to the sound discretion of the juvenile

---

[4] OCGA § 15-11-63 (b), (c); see *In the Interest of Q. S.*, 310 Ga. App. 70, 76-77 (2) (712 SE2d 99) (2011); *In the Interest of E. D. F.*, 243 Ga. App. 68, 69-70 (3) (532 SE2d 424) (2000) (citing OCGA § 15-11-37, redesignated as OCGA § 15-11-63 by Ga. L. 2000, p. 20-21, §1, p. 76-77).

[5] See *In re S. F.*, 312 Ga. App. 671, 674-675 (2) (719 SE2d 558) (2011) (citation and punctuation omitted).

[6] *In the Interest of C. T.*, 197 Ga. App. 300, 304 (3) (398 SE2d 286) (1990).

court."[7] Notwithstanding the fact that "the extent and depth of analysis to which each of these elements must be subjected is in large measure within the sound discretion of the court, we [have] held that *each* of these elements must be *specifically* addressed *in writing*."[8]

In this case, the juvenile court utilized for its written order a pre-printed form titled "DISPOSITIONAL ORDER OF COMMITMENT FOR DESIGNATED FELONY." The form, which contained a combination of pre-printed text and "fill-in-the-blank" sections, purported to include findings as to each of the required elements. As entered by the juvenile court, the order pertinently provided the following:

In the "FINDINGS OF FACT" section of the order, under the typed heading "NATURE OF THE OFFENSE," the following was written in a blank space: "child brought a baseball bat to school with the intent to use it in an assault."

Under the heading "RECORD AND BACKGROUND" was the following pre-printed text: "___ has the following history of delinquency and/or unruliness:___[.]" "J. B." was written in the first space, and "none" was written in the second space.

---

[7] *In the Interest of Q. S.*, supra; OCGA § 15-11-63 (b).

[8] *In the Interest of E. D. F.*, supra at 70 (3) (emphasis supplied); *In the Interest of C. T.*, supra at 303 (3) (citing former OCGA § 15-11-37, redesignated as OCGA § 15-11-63).

Under the heading "AGE AND CONDITION OF THE VICTIM" was written: "N/A."

Under the heading "NEEDS AND BEST INTEREST OF THE CHILD" was the following pre-printed text: "___ has demonstrated by his conduct a lack of respect for authority, both parental and legal. ___ must learn to obey rules and take direction, respect authority and establish realistic goals and expectations from himself and society. The court, based upon the evidence, has the following concerns:_____."; J. X. B.'s initials were written in the first two spaces, and nothing was written in the third space.

Under the heading "NEED FOR THE PROTECTION OF THE COMMUNITY" was the following pre-printed text: "Owing to the nature of the offense and the propensity of said minor child to commit either violent offenses or chronic property damage offenses, the community is in need of protection from said minor child." Nothing was added to or deleted from that pre-printed language, nor did the form contemplate the addition of any information under this heading.

The form concluded with pre-printed language that the court had made the findings of fact by a preponderance of the evidence and, having "duly considered the

foregoing factors," found by a preponderance of the evidence "that ___ requires restrictive custody." J. X. B.'s name was written in the blank space.

The state asserts that the juvenile court's order satisfied OCGA § 15-11-63 (b) and (c) because each of the five elements was specifically included in the order, and the juvenile court was not prohibited from entering an order using "pre[-]printed" language "written in boilerplate fashion." We disagree.

> This specific statutory scheme was made explicit by the General Assembly to ensure that a determination as to restrictive custody, regarding a particular juvenile, would not be accomplished in an arbitrary manner, but only with fundamental fairness after the required statutory findings had been made and duly considered by the court. Moreover, our Supreme Court has held an appellate court cannot condone a violation of the statutory scheme set up by our legislature.[9]

Significantly, the objective of the juvenile code is to seek nonconfinement, rehabilitation, and restoration to parental care wherever possible.[10] The statutory requirement that the juvenile court must make specific written findings of fact as to

---

[9] *In the Interest of E. D. F.*, supra (citing former OCGA § 15-11-37 (b) and (c), redesignated as OCGA § 15-11-63 (b), (c)) (punctuation omitted).

[10] See *In the Interest of Y. E.,* 229 Ga. App. 506, 507 (1) (494 SE2d 297) (1997); *T. K. v. State*, 126 Ga. App. 269, 274 (1) (190 SE2d 588) (1972).

6

each of the elements in connection with its determination of whether a particular juvenile requires restrictive custody, is consistent with that objective.

Although the juvenile court's order listed all five elements and indicated in boilerplate text that the court had "duly considered the foregoing factors," the court failed to include in the order the specificity needed to show that its decision to place J. X. B. in restrictive custody was not arbitrary but was made after giving due consideration to each of the required elements as they related to *this particular child*.

For example, the boilerplate language found under the caption "NEED FOR THE PROTECTION OF THE COMMUNITY" contained no findings of fact specific to J. X. B. and the act he committed, and no findings regarding why restrictive custody was required *in this case* "for the protection of the community"; the court included no findings of fact showing that *J. X. B.* had, as the pre-printed language stated, a "propensity" to commit violent or chronic property damage offenses; and the court used "either . . . or" language, not specifying which of the listed offenses J. X. B. had a propensity to commit. Similarly, the "NATURE OF THE OFFENSE" section included no findings of fact as to whether J. X. B. had inflicted any injuries,[11] and no

---

[11] See OCGA § 15-11-63 (b), (c) (3).

findings of fact regarding the "circumstances of the offense"[12] when, in this case, the circumstances preceding the juvenile's act of bringing the bat to school seem particularly relevant to the decision of whether restrictive custody is required. Further, the boilerplate language found under the caption "NEEDS AND BEST INTEREST OF THE CHILD" included no findings of fact indicating that the court considered the specific needs or best interests of *this particular child*. For the most part, the court's order contained very general statements and conclusions, not the specific written findings of fact required in a case involving a designated felony act and a restrictive custody determination.

Because the juvenile court failed to make specific written findings of fact as to each of the five elements as they pertained to J. X. B., we vacate the judgment and remand the case for the juvenile court to consider each element as it pertains to *this particular child*, and to enter appropriate written findings of fact addressing each element, after which an appropriate order of disposition shall be entered.[13]

_____

[12] Id.

[13] See *In the Interest of E. D. F.*, supra; *In the Interest of S. P.*, 240 Ga. App. 827, 829 (2) (525 SE2d 403) (1999); *In the Interest of C. T.*, supra at 303-304 (3).

8

2. In light of the foregoing, we do not address J. X. B.'s remaining challenge to the juvenile court's order.

*Judgment vacated and case remanded with direction. Ellington, C. J., and Dillard, J., concur.*