A94A0668. IN THE INTEREST OF J. L. W., a child.

(445 SE2d 575)

SMITH, Judge.

J. L. W. was adjudicated delinquent by committing an act which, had it been committed by an adult, would have constituted one count of making terroristic threats, OCGA § 16-11-37 (a). The State presented evidence that J. L. W. was in the custody of the Clayton County Department of Family & Children Services in an adolescent girls' group home when she made the threats against her houseparent. The houseparent testified that J. L. W. became extremely angry and "out of control" when the houseparent asked her about a letter she was writing, cursed her, forced her way into the staff office, blocked the houseparent's exit from the room, and threatened to "kick [your] a___" with the assistance of a girl friend who was a member of a notorious youth gang. J. L. W. admitted she told the houseparent about her friend in the gang. The houseparent began to call the police, and J. L. W. stated "well this is not a threat, this is a promise . . . when the police come, and you press charges, she said I'm going to make sure you go to court. And when you go to court, she said, I'm going to make sure I kill you. She says cause I'm going to kill you. She said I'm for real, I'm for real."

1. J. L. W. first enumerates as error lack of the corroboration required by OCGA § 16-11-37 (a). "OCGA § 16-11-37 (a) provides that no person shall be convicted of committing the offense of a terroristic threat on the uncorroborated testimony of the party to whom the threat is communicated. 'As in rape cases, the quantum of corroboration need not in itself be sufficient to convict, but need only be that amount of independent evidence which tends to prove that the incident occurred as alleged. Slight circumstances may be sufficient for corroboration and the question of corroboration is one solely for the jury. If there is any evidence of corroboration, this court will not go behind the jury verdict and pass on its probative value.' . . . [Cits.]" *Stone v. State*, 210 Ga. App. 198, 199 (435 SE2d 527) (1993).

Construed most strongly against J. L. W., the evidence shows

that the houseparent brought the threats to the attention of the group home director at a staff meeting the following day. The director testified that she discussed the matter with J. L. W. at the house meeting, which took place after the staff meeting, and took away J. L. W.'s privileges as "consequences for threatening Vicki." J. L. W. at first denied making the threats, then repeated them word for word, albeit in the form of a question, and stated "well I ought to go ahead and get her a___ now, like I said I was gonna do." Corroboration therefore was provided by J. L. W. herself. "While some contradictory evidence was presented, the credibility of the witnesses is for the judge's determination, where the trial judge hears the case without intervention of a jury. There was sufficient evidence to support the juvenile court's determination that [J. L. W. was] delinquent by reason of [her] acts." (Citations and punctuation omitted.) *In the Interest of W. C.*, 204 Ga. App. 204 (419 SE2d 540) (1992).

2. J. L. W. contends the State failed to carry its burden of proving her intent to terrorize her houseparent. However, "[d]irect evidence that the threats were made for the purpose of terrorizing another is not necessary if the circumstances surrounding the threats are sufficient for a jury to find the threats were made for such a purpose. [Cit.]" *Boone v. State*, 155 Ga. App. 937, 939 (2) (274 SE2d 49) (1980). There was evidence that J. L. W. was cursing, "out of control," and talking about her friend in a violent youth gang. She pursued the houseparent into the staff office, kicked open the door, and blocked her exit from the room. Under these circumstances there was sufficient evidence to support a finding that the threats were made with the requisite criminal intent.

*Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 23, 1994.

*Melnick, Moore & Elliott, Larry M. Melnick*, for appellant.

*Robert E. Keller, District Attorney, Daniel J. Cahill, Jr., Assistant District Attorney*, for appellee.