## A96A1080. MITCHELL v. THE STATE.
(476 SE2d 639)

McMURRAY, Presiding Judge.

Defendant Mitchell appeals his convictions of three counts of aggravated assault and three counts of armed robbery. *Held*:

1. The first enumeration of error challenges the sufficiency of the evidence to authorize defendant's conviction. Since the aggravated assault convictions and the armed robbery convictions arose from two incidents divided by some interval of time, they will be addressed separately.

The armed robberies occurred when defendant and an accomplice approached three individuals sitting on the porch of a residence.

The accomplice held what appeared to be a handgun while defendant collected the victims' money. Evidence that defendant did not possess a weapon, told one of the victims during the robbery that he had "nothing to do with it," and had no money in his possession when later arrested did not preclude defendant's conviction. Nor was defendant's acquittal required by evidence that the gun used by the accomplice was a pellet pistol which could not fire and that defendant had taken the pellet pistol from the accomplice while he struggled with one of the armed robbery victims. All of the evidence which defendant recites in support of his argument that the evidence was not sufficient to authorize the convictions on three counts of armed robbery presented, at most, issues of fact for resolution by the jury. There was ample evidence from which a rational trier of fact could conclude that defendant was guilty beyond a reasonable doubt of the three counts of armed robbery.

The three convictions of aggravated assault arose from a later incident during which defendant pointed what appeared to be a handgun at the three victims of this crime and threatened to kill them. After defendant's arrest it was discovered that the "gun" used by defendant was a pellet pistol which could not fire. Based on this evidence, defendant maintained that there was no evidence that he used a "deadly weapon" and thus no evidence authorizing his conviction of aggravated assault with a deadly weapon. See OCGA § 16-5-21 (a) (2). But the proper test is whether the pellet pistol used by defendant reasonably appeared to the victim to be a deadly weapon. See *Adsitt v. State*, 248 Ga. 237, 240 (6) (282 SE2d 305), approving of the holding in *Watts v. State*, 142 Ga. App. 857, 858 (4) (237 SE2d 231). Since there was ample evidence that the pellet pistol was very similar in appearance to a real handgun and that the victims thought it was a real handgun, defendant's conviction of three counts of aggravated assault was authorized by the evidence.

The evidence adduced at trial was sufficient to authorize a rational trier of fact to conclude that defendant was guilty beyond a reasonable doubt of three counts of aggravated assault and three counts of armed robbery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). The first enumeration of error lacks merit.

2. When asked to describe what had happened during the armed robbery, one of the victims testified as to the accomplice putting a gun to his head and stated that "I know the reputation they got for shooting people. . . ." The unsolicited remark concerning reputation was interrupted by defense counsel's objection and the trial court's instruction to the jury that the question in the case concerned whether defendant was guilty or not guilty, that anything said about anyone's reputation was not to be considered, and directing the jury to "consider the case based on the evidence that you're supposed to

consider, not this last remark. . . ." While defense counsel moved for a mistrial subsequent to the trial court's instructions, we find no error in the denial of that motion. The decision to give curative instructions to the jury rather than grant the mistrial request following the introduction of bad character evidence was within the discretion of the trial court and was not error. *Williams v. State*, 262 Ga. 422, 423 (5) (420 SE2d 301).

3. The remaining enumerations of error complain of alleged errors in the jury charge. But these enumerations of error have not been preserved for appellate review. If the trial court asks whether or not there are objections to the charge, counsel must state either his objections or reserve the right to object on motion for new trial or on appeal. Here, defense counsel did neither, stating that he had no objections to the jury charge. *Pruitt v. State*, 258 Ga. 583, 590 (14) (373 SE2d 192).

*Judgment affirmed. Ruffin, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED SEPTEMBER 24, 1996.

*Robert B. Whatley*, for appellant.

*Peter J. Skandalakis, District Attorney, David S. McLaughlin, Assistant District Attorney*, for appellee.