522 S.E.2d 264 (1999)
239 Ga. App. 865
In the Interest of A.Q.H., a child.
No. A99A1741.
Court of Appeals of Georgia.
September 8, 1999.
Robert S. Devins, Atlanta, for appellant.
Patrick H. Head, District Attorney, John R. Edwards, Assistant District Attorney, for appellee.
*265 BLACKBURN, Presiding Judge.
A.Q.H. appeals the trial court's order imposing restrictive custody based upon a finding of delinquency for acts, which if committed by an adult, would constitute robbery and aggravated assault. A.Q.H. contends he is entitled to a new trial because the trial court failed to make the written findings required by OCGA § 15-11-37(c) for the imposition of restrictive custody.
OCGA § 15-11-37 provides, in pertinent part:
(b) Where a juvenile is found to have committed a designated felony act, the order of disposition ... shall include a finding based on a preponderance of the evidence as to whether, for the purposes of this Code section, the juvenile does or does not require restrictive custody ... in connection with which the court shall make specific written findings of fact as to each of the elements set forth in paragraphs (1) through (5) of subsection (c ) of this Code section as related to the particular juvenile.... (c) In determining whether restrictive custody is required, the court shall consider: (1) The needs and best interests of the juvenile; (2) The record and background of the juvenile; (3) The nature and circumstances of the offense, including whether any injury involved was inflicted by the juvenile or another participant; (4) The need for protection of the community; and (5) The age and physical condition of the victim.
The trial court must make specific written findings of fact, as related to A.Q.H., regarding the elements listed in OCGA § 15-11-37(c).
The extent and depth of analysis to which each of these "elements" must be subjected [are] in large measure within the sound discretion of the court. It is required, as a statutory minimum, that each of these "elements" must be specifically addressed in writing. These findings not only provide a meaningful legal road map for the lower court in exercising discretion in effecting a fundamentally fair case disposition, but also "assist the appellate court in its review of the merits of an appeal." "The findings should be sufficiently inclusive to afford the means for an intelligent review."
(Citations and punctuation omitted.) In the Interest of C.T., 197 Ga.App. 300, 303(3), 398 S.E.2d 286 (1990).
In the present case, the trial court found in its written order that A.Q.H. had committed the acts charged against him. The trial court specifically found with regard to the nature and circumstances of the offense, OCGA § 15-11-37(c)(3), that:
On the evening of August 17, 1998, [A.Q.H.] and three other young males walked up behind a man on his way home from work. They hit him with a rock and demanded that he give them all his money. Two of them, including [A.Q.H.], carried pieces of 2 × 4 lumber. The man convinced them he had no money. They then demanded that he put down the package he was carrying which contained two cans of beer. He did so, then left and immediately called the police. The perpetrators were located nearby and identified by the victim within minutes of the incident.
With regard to OCGA § 15-11-37(c)(1), the best interests of the juvenile, the trial court found:
[A.Q.H.] needs, and it is in his best interest, to receive a serious consequence for his violent behavior. His past record indicates that he has not learned to respect the rights of other members of the community and still believes he can just take what he wants. He must learn before reaching adulthood that such behavior is unacceptable. If a serious consequence is not imposed at this time, [A.Q.H.] would likely re-offend and face lengthy prison time in the adult system.
With regard to OCGA § 15-11-37(c)(2), the record and background of the juvenile, the trial court found:
[A.Q.H.] was first charged with an offense when he was ten years old. His charges of Theft by Taking and Criminal Trespass were held in abeyance for three months and then dismissed because he had no further charges. In June of 1996, [A.Q.H.] again committed Theft by Shoplifting. He was ordered to serve one weekend in YDC *266 and was placed on probation for 12 months. [A.Q.H.] lives with his mother in Marietta, Georgia. His mother indicated to the court that she planned to return to New Jersey before the end of the year.
With regard to OCGA § 15-11-37(c)(4), the need for protection of the community, the trial court found: "Because [A.Q.H.] incorporated threats of violence in this latest offense, it is apparent that he must be kept out of the community for a period of time. Hopefully, he will mature and develop more acceptable methods of dealing with people while he is incarcerated."
With regard to OCGA § 15-11-37(c)(5), the age and physical condition of the victim, the trial court found: "The victim is a young adult male. He was bruised by the rock that was thrown at him, but sustained no lasting injury. He does live in the same community as the juveniles, and should be notified if they are returned to that community."
Based upon the foregoing, it is clear that the trial court not only considered the required elements, but also made factual findings with regard to each of them. Our review of the record indicates that the trial court's findings are supported by the evidence. Therefore, the trial court did not abuse its discretion in determining that A.Q.H. should be placed in restrictive custody pursuant to OCGA § 15-11-37.
Judgment affirmed.
ELDRIDGE and BARNES, JJ., concur.