A99A1784. IN THE INTEREST OF C. S. G., a child.
(525 SE2d 106)

McMURRAY, Presiding Judge.

C. S. G. appeals from a juvenile court order adjudicating him delinquent based on his commission of acts constituting the offenses of a battery and a terroristic threat if committed by an adult. The evidence which authorizes this adjudication reveals C. S. G. and an accomplice attacked and physically assaulted the victim as the victim was walking to school, and that C. S. G. finished the assault by displaying a handgun (which was tucked in his pants and concealed under his shirt) to the victim and then warning the victim — " 'watch

[your] back.' " *Held*:

1. C. S. G. contends the evidence is insufficient to authorize the juvenile court's findings that he is a delinquent child based on his commission of acts constituting the offenses of a battery and a terroristic threat if committed by an adult. We do not agree.

Contrary to C. S. G.'s assertion, displaying a handgun to another under threatening circumstances may constitute an act constituting a terroristic threat if committed by an adult. *Heaton v. State*, 214 Ga. App. 460 (448 SE2d 49). A person commits the offense of a terroristic threat when he threatens to commit any crime of violence with the purpose of terrorizing another person. OCGA § 16-11-37 (a). In the case sub judice, the victim testified that C. S. G. and an accomplice attacked and physically assaulted him as he was walking to school, and that C. S. G. finished the assault by displaying a handgun and then warning him — " 'watch [your] back.' " The victim also testified that his "jaw was swollen" after the attack. This testimony was corroborated by an eyewitness who did not see C. S. G. display a handgun, but who saw C. S. G. strike the victim and heard C. S. G. threaten the victim during the assault.[1] This evidence is sufficient to authorize the juvenile court's finding, beyond a reasonable doubt, that C. S. G. is a delinquent child based on his commission of acts constituting the offenses of a battery in violation of OCGA § 16-5-23.1 (a) and a terroristic threat in violation of OCGA § 16-11-37 (a) if committed by an adult. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *In the Interest of J. M.*, 237 Ga. App. 298 (1) (513 SE2d 742). Slight corroboration of the circumstances during which a terroristic threat is uttered is all that is necessary to satisfy OCGA § 16-11-37 (a)'s requirement that the victim's account of the terroristic threat be corroborated. See *Sampson v. State*, 209 Ga. App. 213, 215 (1) (433 SE2d 136). This is so because, if there is any evidence of corroboration, this Court will not second-guess the factfinder and pass on the corroborating evidence's probative value. *In the Interest of J. L. W*, 213 Ga. App. 630 (1) (445 SE2d 575).

2. Although C. S. G. was charged in one count of the delinquency petition with acts constituting the offense of aggravated assault if committed by an adult, the juvenile court adjudicated C. S. G. delinquent under this count based on his commission of acts constituting the lesser included offense of a terroristic threat if committed by an adult. C. S. G. contends this adjudication cannot stand because the

---

[1] This witness inconsistently testified on cross-examination that he did not see his friend, C. S. G., strike the victim. This inconsistency was properly resolved by the juvenile court. See *Berry v. State*, 268 Ga. 437, 438 (1) (490 SE2d 389). On appeal, we must construe this conflict so as to uphold the juvenile court's findings of fact and conclusions of law. *In the Interest of R. L. W.*, 225 Ga. App. 253, 254 (2) (483 SE2d 361).

evidence does not show that a terroristic threat is a lesser included offense of the charged aggravated assault. He reasons that he was deprived of the requisite notice of the terroristic threat charge by this variance between the allegata and probata. We do not agree.

The offense of terroristic threat may be a lesser included offense of aggravated assault, as a matter of fact, if the facts which are the basis of the aggravated assault charge and the evidence proffered to establish this crime are also sufficient to establish the commission of a terroristic threat. *Messick v. State*, 209 Ga. App. 459, 460 (1) (433 SE2d 595). In the case sub judice, the delinquency petition alleged that C. S. G. committed an act constituting the offense of aggravated assault if committed by an adult "by displaying [a] pistol in a threatening manner to the victim. . . ." From the evidence presented at the delinquency hearing to support this allegation, the juvenile court would have been authorized to find that C. S. G. used a handgun to commit an act constituting the offense of aggravated assault, if committed by an adult (i.e., place the victim in reasonable apprehension of immediately receiving a violent injury), or that C. S. G. used a handgun to commit an act constituting the offense of a terroristic threat if committed by an adult (i.e., threaten to commit a crime of violence with the purpose of terrorizing the victim). Thus, the offense of terroristic threat was included, as a matter of fact, in the charged delinquent act constituting the offense of aggravated assault if committed by an adult. C. S. G. was therefore properly apprised before the delinquency hearing that he could be found delinquent based on his commission of an act constituting the lesser included offense of terroristic threat if committed by an adult. See id.

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED NOVEMBER 9, 1999 —
RECONSIDERATION DENIED NOVEMBER 22, 1999 — 

*Ann N. Garner, James C. Bonner, Jr.*, for appellant.
*Paul L. Howard, Jr., District Attorney, Cassandra Kirk, Elizabeth A. Baker, Assistant District Attorneys*, for appellee.