A99A2054. IN THE INTEREST OF E. D. F., a child.

(532 SE2d 424)

SMITH, Judge.

After a hearing, E. D. F., a minor, was adjudicated delinquent upon a finding that he committed three designated felony acts which, if committed by an adult, would have been rape, statutory rape, and child molestation. On appeal, he enumerates five errors, three of which challenge the sufficiency of the evidence pertaining to the three designated felony acts. In the remaining two enumerations, he contends the juvenile court erred in failing to provide a court reporter for the hearing and sentencing phases of the case and in failing to make sufficient written findings on each of the five elements set forth in OCGA § 15-11-37 (c). We find that the evidence at trial was sufficient to support the juvenile court's finding of delinquency and that the recordation of the hearing was sufficient. Because we agree with E. D. F. that one of the required written findings is insufficient, however, we vacate those findings and remand this case to the juvenile court.

1. We first consider E. D. F.'s contentions regarding the sufficiency of the evidence. When a juvenile is charged with offenses that would constitute crimes if committed by an adult, the standard of proof in the lower court is "beyond a reasonable doubt." (Punctuation omitted.) *In the Interest of B. J. G.*, 234 Ga. App. 285 (1) (506 SE2d 449) (1998). Any conflicts in the evidence must be resolved by the trier of fact, which in this case was the juvenile court judge. And on appeal, this court must view the evidence in the light most favorable to the findings and judgment of the juvenile court. Id.

The evidence presented at the hearing showed that the victim, a ten-year-old girl, awakened her mother in the middle of one night and complained that E. D. F., who was living with her family, "tried to mess with" her. The victim's mother called her sister, a registered nurse, who examined the victim. The victim's aunt found the victim's vaginal area "a little red but not much irritated." Although she could not tell positively, it appeared to her that the victim's hymen was not intact; she saw no blood, however, and upon questioning, the victim denied that her clothing had been removed. The aunt thought it was probable that no sexual relations had taken place, but she and the victim's mother insisted that E. D. F. move out of their home.

The authorities were called only after the victim revealed the incident in her school journal. A school counselor testified that the victim wrote in her journal that E. D. F. raped her. When the counselor questioned the victim, the victim told her that she was lying face down on her bed and E. D. F. forced her to turn over and "put this thing in her," pointing to her vaginal area. The counselor notified the Department of Family & Children Services (DFACS), and the

case was reported to the Georgia Bureau of Investigation (GBI).

GBI Agent Scott Whitley was called in by the local authorities. He testified that he interviewed the victim's mother and aunt, who assumed that no penetration had taken place. He also interviewed the victim, who told him that she had awakened face down with her clothes on and that E. D. F. was standing over her pulling up his pants. Her vagina was burning, and she went to the bathroom and cleaned up. Whitley then interviewed E. D. F., with his mother's permission, and E. D. F. made a statement admitting having sexual intercourse with the victim.

When viewed in a light most favorable to support the juvenile court's judgment, this evidence was sufficient to enable any rational trier of fact to conclude beyond a reasonable doubt that E. D. F. committed acts which, if committed by an adult, would have constituted the designated felonies of rape, statutory rape, and child molestation. The judgment of the juvenile court is amply supported.

2. E. D. F. contends the juvenile court erred in failing to provide a court reporter. He argues that prior to the hearing, he requested complete recordation, and although the juvenile court hearing was recorded on a tape recorder, certain "important and pertinent portions" of the proceedings were not recorded because the tape malfunctioned. We find no merit in this contention.

OCGA § 15-11-28 (b) permits the recordation of juvenile court proceedings by "stenographic notes or by electronic, mechanical, or other appropriate means." Clearly, a tape recorder was a permissible means of recordation. Moreover, E. D. F. did not object to the use of a tape recorder in juvenile court, and issues not raised below may not be asserted for the first time on appeal. *In the Interest of C. W.*, 227 Ga. App. 763, 767-768 (3) (490 SE2d 442) (1997). The juvenile court judge certified that he had read the transcript and exhibits, and it was "a true, correct, and substantially complete transcription" of the hearing, although some of the disposition testimony could not be transcribed because the tape ran out. The defense attorney and the prosecutor also signed this certification. This was sufficient.

3. OCGA § 15-11-37 (b) requires that when a juvenile is found to have committed a designated felony act, the order of disposition must include a finding based upon a preponderance of the evidence as to whether the juvenile requires restrictive custody. In connection with this finding, the juvenile court must make specific written findings of fact as to each of the elements set forth in OCGA § 15-11-37 (c). These elements are:

(1) The needs and best interests of the juvenile; (2) The record and background of the juvenile; (3) The nature and circumstances of the offense, including whether any injury

involved was inflicted by the juvenile or another participant; (4) The need for protection of the community; and (5) The age and physical condition of the victim.

OCGA § 15-11-37 (c). This specific statutory scheme was made explicit by the General Assembly

to ensure that a determination as to restrictive custody, regarding a particular juvenile, would not be accomplished in an arbitrary manner, but only with fundamental fairness after the required statutory findings had been made and duly considered by the court. Moreover, our Supreme Court has held [that] an appellate court cannot condone a violation of the statutory scheme set up by our legislature.

(Citations and punctuation omitted.) *In the Interest of C. T.*, 197 Ga. App. 300, 303 (398 SE2d 286) (1990).

Here, the juvenile court entered a written order purporting to cover all five required findings. We must agree with E. D. F., however, that although the juvenile court listed all five required factors, the finding entered by the court under the caption "[t]he needs and best interests of the juvenile" simply does not address E. D. F.'s "needs" or "best interests." Under that heading, the juvenile court found that "[s]aid youth's actions cause him to be a risk to others." While we could agree with the finding, it is more a statement regarding "[t]he need for protection of the community" rather than addressed to E. D. F.'s needs or best interest. Although we have recognized that "[t]he extent and depth of analysis to which each of these 'elements' must be subjected is in large measure within the sound discretion of the court," we held that "*each* of these 'elements' must be *specifically* addressed in writing." *In the Interest of C. T.*, supra at 303. The juvenile court's findings as to each element serve as "a meaningful legal road map," enabling the juvenile court to exercise its discretion fairly and also help this court perform an intelligent review. Id.

Four of the required findings serve these purposes admirably. But because the order contains no cogent or relevant finding as to the element "the needs and best interests of the juvenile," we do not know whether the juvenile court actually considered the needs and best interest of E. D. F. We therefore must vacate the juvenile court's judgment and remand this case to the juvenile court for compliance with the statutory requirement that the court consider the needs and the best interest of E. D. F. and enter appropriate written findings addressing this element, after which an appropriate order of disposition may be entered. See generally *In the Interest of A. Q. H.*, 239 Ga.

App. 865 (522 SE2d 264) (1999).
*Judgment vacated and case remanded with direction. Pope, P. J., and Miller, J., concur.*

DECIDED MARCH 24, 2000.

*Charles J. Steedley,* for appellant.
*Robert B. Ellis, Jr., District Attorney, Timothy L. Eidson, Assistant District Attorney,* for appellee.