548 S.E.2d 37 (2001)
249 Ga. App. 280
In the Interest of C.A., a child.
No. A01A0120.
Court of Appeals of Georgia.
April 19, 2001.
*38 Sullivan & Sturdivant, Harold A. Sturdivant, Griffin, Michele W. Ogletree, for appellant.
William T. McBroom III, Dist. Atty., James E. Sherrill, Asst. Dist. Atty., for appellee.
SMITH, Presiding Judge.
After a hearing, a juvenile court adjudicated delinquent thirteen-year-old C.A., upon its finding that the juvenile committed acts which, if committed by an adult, would have constituted two counts of terroristic threats and acts, two counts of pointing a gun or pistol at another, and one count of aggravated assault.[1] On appeal, C.A. challenges the sufficiency of the evidence. Because the adjudication of delinquency was predicated at least in part on an unauthorized finding, we reverse.
When a juvenile is charged with offenses that would constitute crimes if committed by an adult, the standard of proof in the lower court is "`beyond a reasonable doubt. [Cit.]'" In the Interest of E.D.F., 243 Ga.App. 68(1), 532 S.E.2d 424 (2000). Any conflicts in the evidence are resolved by the trier of fact, which in this case was the juvenile court judge. Id. On appeal, we view the evidence in the light most favorable to the findings and judgment of the juvenile court. Id.
The evidence presented at the hearing showed that at approximately 10:00 p.m. on July 17, 2000, B.M., D.P., and S.P., all minors, were riding bicycles from B.M.'s house to D.P's house. B.M. testified that C.A., who had been threatening to beat up D.P., rode his bicycle toward them, telling D.P. to "come here you stupid mother f". D.P. did not go to C.A. but "took off" home. B.M. stated that C.A. continued calling for D.P., saying "I got something waiting on you." C.A. next approached B.M. and S.P. and said, "if anybody else messes with my girlfriend, I got something for them," then pulled a gun from his pocket.
A deputy who investigated the incident testified that C.A. told him that he had given the gun to a friend, and the deputy did retrieve the gun from that friend's house. The deputy identified the gun as a .177-caliber BB gun that was capable of "hurting, injuring or perhaps even causing death if it hits somebody in the right place."
1. C.A. contends that the evidence is insufficient to show that he committed the acts constituting two counts of terroristic threats as against D.P. and B.M. He argues that there is a lack of corroborative evidence of the testimony of B.M. This contention is without merit.
Only "[s]light corroboration of the circumstances during which a terroristic threat is uttered is all that is necessary to satisfy OCGA § 16-11-37(a)'s requirement that the victim's account of the terroristic threat be corroborated. [Cit.]" In the Interest of C.S.G., 241 Ga.App. 37, 38(1), 525 S.E.2d 106 (1999). "[I]f there is any evidence of corroboration, this Court will not second-guess the factfinder and pass on the corroborating evidence's probative value. [Cit.]" Id.
A person makes a terroristic threat when he threatens to commit any crime of violence with the purpose of terrorizing another person. OCGA § 16-11-37(a). Displaying a handgun to another under threatening circumstances may constitute a terroristic *39 threat if committed by an adult. In the Interest of C.S.G., supra.
In this case, D.P. testified that on the evening of the incident, he saw that C.A. had a gun as C.A. approached, saying, "come here you motherf." Moreover, C.A. admitted telling B.M., "if anybody messed with [his] girlfriend, [he] had something for them," and admitted displaying the gun. B.M.'s testimony that C.A. issued terroristic threats to D.P. and to him therefore was sufficiently corroborated by the testimony of the deputy, D.P., and C.A. The evidence was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that C.A. committed acts which, if committed by an adult, would have constituted the offenses of two counts of terroristic threats and acts.
2. C.A. contends that the evidence is insufficient to show that he committed acts which, if committed by an adult, would constitute two counts of pointing a gun or pistol at another as to B.M. and D.P. A person commits the offense of pointing a gun at another when he intentionally and without legal justification points a gun or pistol at another. OCGA § 16-11-102. C.A. claims that he only showed the gun without pointing it at anyone.
Evidence was presented showing that C.A. pointed the gun at B.M., who testified that although he could not see very well that late night, "it looked like [C.A.] was holding it towards me and `Little [S].'" As to D.P., however, although the State asserts in its appellate brief that "Little [S]" is a "street name for D.P.," the record clearly shows that "Little [S]" is D.P.'s younger brother, S.P. The State also points out that the deputy testified without objection that D.P. and B.M. told him during his investigation of the incident that C.A. had pointed the gun at both of them. But even in the absence of an objection, such hearsay evidence has no probative value and establishes no fact unless it falls within an exception to the hearsay rule, Day v. State, 235 Ga.App. 771, 772(2), 510 S.E.2d 579 (1998). The State has shown no applicable exception. We note that the prior inconsistent statement exception is unavailable because the State failed to lay a proper foundation during the hearing. See Hamilton v. State, 238 Ga.App. 320, 321(2), 517 S.E.2d 118 (1999); Duckworth v. State, 223 Ga.App. 250, 253-254(2), 477 S.E.2d 336 (1996). Moreover, at the hearing, D.P. stated that C.A. had not pointed the gun at him. The State failed to show competent evidence to support a finding that C.A. pointed a gun at D.P., although the evidence was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that C.A. committed acts which, if committed by an adult, would have constituted the offense of one count of pointing a gun at another, B.M.
3. Finally, C.A. contends that the evidence is insufficient to show that he committed acts which, if committed by an adult, would constitute aggravated assault, as against B.M. He argues that the State failed to show that he pointed a gun at B.M. and that he had the present intent to do bodily injury to him. When the use of a deadly weapon places the victim in reasonable apprehension of immediate violent injury, the felony of aggravated assault has occurred. OCGA § 16-5-21(a)(2); Smith v. Hardrick, 266 Ga. 54, 55(2), 464 S.E.2d 198 (1995). It is the victim's reasonable apprehension of injury from an assault by a deadly weapon, such as a firearm, that establishes the crime of aggravated assault, not the assailant's intent to injure. Collins v. State, 199 Ga.App. 676, 677, 405 S.E.2d 892 (1991). When the deadly weapon used in the commission of aggravated assault is in fact a BB gun, the proper test is whether the gun that the accused used reasonably appeared to the victim to be a deadly weapon. See Mitchell v. State, 222 Ga.App. 866, 867(1), 476 S.E.2d 639 (1996).
We have already determined, supra, that there is evidence that C.A. did point the gun at B.M., who testified that when C.A. pointed the gun at him, he was "real scared." B.M. testified that the gun to him, "looked like a.45," and the gun was also introduced into evidence at trial. There was sufficient evidence that the gun reasonably appeared to B.M. to be a deadly weapon. The evidence was sufficient to enable a rational trier of *40 fact to conclude beyond a reasonable doubt that C.A. committed acts which, if committed by an adult, would have constituted the offense of one count of aggravated assault.
We conclude that there is an absence of competent proof on the charge that C.A. pointed a gun at D.P. (see Division 2, supra). Because the adjudication of delinquency was predicated at least in part on that unauthorized finding, it must be reversed. The case is remanded for the trial court to adjudge whether C.A. is delinquent based on all of the authorized findings. See In the Interest of J.H.M., 202 Ga.App. 79, 81, 413 S.E.2d 515 (1991).
Judgment reversed and case remanded.
BARNES and PHIPPS, JJ., concur.
NOTES
[1] The juvenile court also found that C.A. was ungovernable and had violated his probation, but C.A. does not appeal those findings.