## A06A0144. STANCIL v. THE STATE.
### (630 SE2d 130)

MILLER, Judge.

Following a jury trial, Billy Christopher Stancil was found guilty of aggravated assault and simple battery. On appeal, he contends that the evidence was insufficient to sustain his conviction for aggravated assault and that his trial counsel was ineffective. We discern no error and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence reveals that a police officer responding to a 911 call saw an enraged Stancil holding a rifle in one hand and beating his mother with the other. Stancil's sister was also at the scene, and Stancil threatened to kill both his sister and his mother by beating them with the rifle. When Stancil saw the police officer, he ran behind a tree, pointed the rifle at the officer, and yelled "Shoot me, shoot me. Come on, shoot me." Fearing for his life, the officer ordered Stancil three times to drop his weapon. Stancil dropped the gun and fled into the woods, where he was arrested.

Stancil's sister later informed the officer that Stancil's rifle was "broken," as the stock had previously been removed from it. The officer believed, however, that the gun could have been loaded at the time Stancil pointed it at him.

1. Stancil contends that the evidence was insufficient to sustain his conviction for aggravated assault. We disagree.

Regardless of whether the rifle that Stancil pointed at the officer was loaded and capable of firing, a jury could have found Stancil guilty of aggravated assault based on evidence that he pointed a gun at the officer and that the gun reasonably appeared to be a deadly

weapon. See OCGA § 16-5-21 (a) (2); *Mitchell v. State*, 222 Ga. App. 866, 867 (1) (476 SE2d 639) (1996). The evidence sufficed to sustain the conviction.

2. Stancil argues that his trial counsel was ineffective for failing to object to the re-assembled rifle being used as an exhibit at trial, because the rifle that Stancil pointed at the police officer did not include the stock of the weapon. We disagree.

To prove ineffective assistance, Stancil was required to show that counsel's performance was deficient and that this deficient performance prejudiced his defense. *Ellison v. State*, 242 Ga. App. 636, 638 (7) (530 SE2d 524) (2000), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The trial court's determination with respect to counsel's effectiveness will be upheld on appeal unless clearly erroneous. *Jackson v. State*, 209 Ga. App. 53, 56 (7) (432 SE2d 649) (1993). Here, evidence supported the trial court's finding that Stancil did not meet his burden of showing deficient performance or prejudice based on his counsel's actions.

The record reveals that there was no need for trial counsel to object to the rifle being presented to the jury as a complete weapon, because the officer's testimony on direct and cross-examination made clear that Stancil pointed an incomplete weapon at him, even though the officer did not know at the time that the rifle's stock had been removed and instead believed that Stancil could have shot him. Presenting the disassembled rifle to the jury would merely have been cumulative of this evidence. Therefore, counsel's failure to object to the re-assembled rifle being presented to the jury did not constitute ineffective assistance. See *Smart v. State*, 253 Ga. App. 649, 656 (10) (c) (560 SE2d 92) (2002) (trial counsel's failure to present cumulative evidence does not amount to ineffective assistance).

Moreover, as we held in Division 1, the question whether the rifle was broken at the time of the incident had no bearing on Stancil's guilt or innocence for pointing what appeared to be a deadly weapon at the officer. See *Mitchell*, supra, 222 Ga. App. at 867 (1). Evidence also supports the conclusion that Stancil's defense was not prejudiced by counsel's failure to object to the re-assembled rifle being admitted into evidence at trial. As a result, the trial court did not err in finding that Stancil failed to establish ineffective assistance of counsel.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED APRIL 13, 2006 — ▮

*Shelley W. Cox*, for appellant.

*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.