A06A1037. WALKER v. THE STATE.
A06A1038. MURDEN v. THE STATE.
(635 SE2d 422)

MILLER, Judge.

Following a jury trial, Kevin Walker was convicted of two counts of aggravated assault with the intent to rob, two counts of aggravated assault on a peace officer, one count of possession of a firearm during the commission of a felony, and one count of possession of a firearm by a convicted felon. Walker's co-defendant, Melvin Murden, was convicted of two counts of aggravated assault with the intent to rob, one count of possession of a sawed-off shotgun, and one count of possession of a firearm by a convicted felon. In Case No. A06A1037, Walker appeals, challenging the trial court's denial of his motion for a mistrial. In Case No. A06A1038, Murden appeals, contending that the trial court erred by (1) denying his motion for a directed verdict of acquittal as to his aggravated assault convictions, and (2) allowing the sawed-off shotgun to go out with the jury in violation of the continuing witness rule. Discerning no error, we affirm in both cases.

On appeal, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. As an appellate court, we do not weigh the evidence or determine witness credibility. The standard of review is whether, based on the evidence of record, a rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Byrd v. State*, 251 Ga. App. 83 (1) (553 SE2d 380) (2001).

So viewed, the evidence shows that Walker and Murden drove to an Atlanta nightclub at approximately 1:00 a.m. on November 21, 2002. They pulled their Mercedes into the club's parking lot and parked in a way that blocked a Cadillac Escalade belonging to Jimmy

Vega. Seeing what had occurred, Vega ran to the front of the club and reported to two off-duty Atlanta police officers that he was being carjacked. Meanwhile, Walker and Murden, wearing bandannas and armed with an assault rifle and a sawed-off shotgun, ordered Vega's passengers out of the vehicle. The officers then appeared on the scene with drawn weapons. Walker and Murden ran, both shooting at the pursuing officers before discarding their weapons. Despite their attempt to escape, however, both Walker and Murden were caught and arrested.

## Case No. A06A1037

1. Walker claims that the trial court erred in denying his and Murden's joint motion for mistrial when, contrary to the stipulation of the parties arising out of a suggestive showup, a witness described Walker as one of the perpetrators, including the fact that he had green eyes. We disagree.

The record reveals that, based on Walker's request, the trial court gave a curative instruction for the jury to disregard the objectionable testimony, and, after such instruction was given, neither his counsel nor Murden's counsel renewed the motion for a mistrial. Consequently, the issue is waived on appeal. See *Cook v. State*, 276 Ga. App. 803, 806 (3) (625 SE2d 83) (2005) (where the defendant objects and moves for a mistrial during the examination of a witness, and the trial court denies the motion but takes corrective action, the defendant must renew the objection or the motion to avoid waiver of the issue on appellate review).

## Case No. A06A1038

2. Murden contends that the trial court erred in denying his motion for a directed verdict of acquittal on the aggravated assault charges against him. This contention is meritless.

> The standard for reviewing a denial of a motion for a directed verdict of acquittal is the same test to be used when the sufficiency of the evidence is challenged, i.e., under the rule of *Jackson v. Virginia*, supra, whether the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense. (Citations omitted.) *Dorsey v. State*, 279 Ga. 534, 542 (3) (615 SE2d 512) (2005).

(Punctuation omitted.) *Johnson v. State*, 275 Ga. App. 21, 22 (1) (619 SE2d 731) (2005).

Under Georgia law, aggravated assault is complete when a person commits an assault with the intent to rob. OCGA § 16-5-21 (a) (1). The State's evidence showed that Walker and Murden, while armed, attempted to rob the victims in a nightclub parking lot. Off-duty police officers working as security officers identified the defendants at the scene in a Mercedes. There was evidence that an assault rifle and a sawed-off shotgun were fired at the police officers as they pursued Walker and Murden from the scene. The weapons were recovered after Walker and Murden were apprehended.

Murden's denials to the contrary notwithstanding, the jury was authorized to find Murden guilty of aggravated assault with the intent to rob beyond a reasonable doubt. *Johnson*, supra, 275 Ga. App. at 22 (1). Accordingly, the trial court did not err in denying Murden's motion for a directed verdict of acquittal. See id.

3. Murden also contends that the trial court erred in allowing the sawed-off shotgun to go out with the jury since the tag attached to the weapon bore his name, which, he argues, violates the continuing witness rule. Again, we disagree.

The record shows that Walker's attorney raised a general objection to sending tagged evidence out with the jury. Counsel for Murden offered no objection to the shotgun as tagged. Since neither Walker nor Murden made a specific contemporaneous objection to the shotgun going out with the jury, the issue is waived on appeal. *Evans v. State*, 253 Ga. App. 71, 75 (1) (558 SE2d 51) (2001). Even if Walker's general objection were sufficient to preserve the issue on appeal, Murden's attorney did not expressly join in Walker's objection at the time it was made, and, as a result, Murden would still have waived the issue on appeal. *Heard v. State*, 204 Ga. App. 757, 759 (4) (420 SE2d 639) (1992). Finally, given the overwhelming evidence that Murden was armed with one of the weapons at the crime scene, there is no evidence to show that letting the shotgun go out with the jury, as tagged, would alone amount to harmful error. *Buckner v. State*, 219 Ga. App. 71, 74 (5) (464 SE2d 11) (1995).

*Judgments affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED AUGUST 17, 2006.

*Carl P. Greenberg*, for appellant (case no. A06A1037).
*Harold S. Gulliver*, for appellant (case no. A06A1038).
*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Assistant District Attorney*, for appellee.