A07A0815. DIXON v. THE STATE.
(647 SE2d 370)

ADAMS, Judge.

Michael Dixon appeals after a jury convicted him of one count of aggravated assault and one count of use of a firearm by a convicted felon. Dixon's sole argument on appeal is that the trial court erred in refusing his request to charge the jury on the lesser included offense of simple assault.

The evidence showed that on October 12, 2002, Dixon chased his wife, Denise Marie Dixon, and her daughter, while holding a pistol and pointing it at Denise. Denise testified that Dixon was very intoxicated and verbally abusive at the time. Denise and her daughter fled the couple's home, and Dixon pursued Denise around a U-Haul truck, pointing the gun and threatening her. She and her daughter eventually fled to a neighbor's house, and the neighbor

called the police. At trial, Denise identified the gun she saw Dixon pointing at her that day.

The couple's 12-year-old son George saw his father chase his mother and sister out of the house with a gun, and then chase his mother around the U-Haul truck with a gun pointed at her. He stepped between his mother and father to allow his mother to run away, and his father turned and ran back into the house. His father went out the back door, and George saw him throw something under the back deck.

After police arrived, Dixon came out of the house and surrendered. George showed police the spot where Dixon had thrown something. Police later recovered six bullets from under the porch where George indicated. Although George thought that his father had also thrown the gun there, officers found no gun under the porch. But their subsequent search revealed a gun hidden behind the backyard fence, lying in some brush next to a tree. Denise identified that gun as the one Dixon pointed at her.

Dixon testified, however, that he never pointed a gun at his wife that day, and had never seen the gun before trial. Rather, he said that he had a black micro-recorder, which he held in his hand to simulate a gun. He deliberately held it in such a way that his wife would think it was a weapon. He knew that if the others viewed it otherwise, they would know it was not a weapon. Dixon also denied that he was physically capable of chasing his wife because he has an injury to his leg. He asserted that it was his wife who was upset that day and that she had actually struck him earlier in the day. Dixon did admit, however, that he threw the bullets under the porch that day. He said that he put them there because they were in his pocket.

Dixon requested a charge on the lesser included offense of simple assault, but the trial court denied the request. He argues that the trial court erred because under his version of the facts, he never pointed a weapon at Denise, only a tape recorder, and thus no aggravated assault occurred. He asserts that, at most, it would be simple assault. We find no merit to Dixon's argument.

"Where the state's evidence establishes all of the elements of an offense and there is no evidence raising the lesser offense, there is no error in failing to give a charge on the lesser offense." (Footnote omitted.) *Martin v. State*, 283 Ga. App. 652, 653 (642 SE2d 340) (2007). Under OCGA § 16-5-21 (a) (2) "[a] person commits the offense of aggravated assault when he or she assaults . . . [w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." Assault occurs when a person puts another in reasonable apprehension of immediately sustaining a violent injury.

OCGA § 16-5-20 (a) (2). Thus, "[i]t is the victim's reasonable apprehension of injury from an assault by a deadly weapon, such as a firearm, that establishes the crime of aggravated assault, not the assailant's intent to injure." (Citation omitted.) *In the Interest of C. A.*, 249 Ga. App. 280, 282 (3) (548 SE2d 37) (2001). And a person may be convicted of aggravated assault if the weapon used to commit the crime "appeared to the victim to be deadly even if the weapon was not actually capable of inflicting deadly harm." (Citation omitted.) *Veal v. State*, 191 Ga. App. 445, 446 (2) (382 SE2d 131) (1989). See also *Mitchell v. State*, 222 Ga. App. 866, 867 (1) (476 SE2d 639) (1996) ("the proper test is whether the [weapon] reasonably appeared to the victim to be a deadly weapon"). Accordingly, this Court has upheld convictions for aggravated assault where the crime involved a blank gun,[1] a BB gun,[2] an inoperable pellet gun,[3] and a toy gun.[4]

Under the evidence here, the jury could find either that Dixon pointed a gun at his wife, or, if they accepted Dixon's testimony, that he pointed a micro-tape recorder, which he held in such a way that it appeared to be a gun. In fact, he stated that he intentionally manipulated the device to make it look like a gun and to ensure that the others would not see that it was a tape recorder. Thus, under either version, the jury would necessarily have to find that Denise had a reasonable belief that Dixon had a gun in order to convict him of assault. Such a finding supports a conviction only for aggravated assault. Alternatively, the jury could have found that Denise's apprehension was unreasonable because, accepting Dixon's testimony, he only had a tape recorder. Such a finding would have resulted in an acquittal. There was no evidence that Dixon used the tape recorder in any other way to threaten his wife, and therefore no evidence to support a conviction for simple assault. Accordingly, the trial court properly denied Dixon's request to charge on the lesser included offense.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JUNE 5, 2007.

*Lloyd W. Walker*, for appellant.
*Scott L. Ballard, District Attorney*, for appellee.

---

[1] *Veal v. State*, 191 Ga. App. at 446 (2).
[2] *In the Interest of C. A.*, 249 Ga. App. at 282 (3).
[3] *Mitchell v. State*, 222 Ga. App. at 867 (1).
[4] *Anderson v. State*, 238 Ga. App. 866, 871 (1) (519 SE2d 463) (1999).