A07A2117. IN THE INTEREST OF C. B., a child.
(655 SE2d 342)

MILLER, Judge.

On February 9, 2007, the Lanier County Juvenile Court adjudicated 11-year-old C. B. delinquent for acts that, if committed by an adult, would have constituted the offenses of aggravated assault and sexual battery. C. B. appeals, challenging the sufficiency of the evidence related solely to the aggravated assault charge. Discerning no error, we affirm.

> In considering a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, we view the evidence in favor of the juvenile court's finding, determining only if a reasonable [trier] of fact could have found beyond a reasonable doubt that the juvenile committed the acts charged. *In the Interest of M. C. A.,* 263 Ga. App. 770 (589 SE2d 331) (2003); see *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*In the Interest of K. B. F.,* 274 Ga. App. 186, 186-187 (617 SE2d 153) (2005). So viewed, the evidence shows that on October 2, 2006, C. B.'s mother whipped him with a belt after he threw his new school clothes on the floor and stepped on them. At trial, C. B.'s mother admitted that after the whipping, her son picked up a hammer, but she denied that he ever drew back the hammer or threatened her with it. On the day of the incident, however, C. B.'s mother called the police and signed a written complaint stating that "[a]fter being whipped[, C. B.] picked up a hammer to hit his mother." C. B.'s mother read the

---

[3] *Wahnschaff v. Erdman,* 216 Ga. App. 355, 356 (454 SE2d 213) (1995).

[4] *Merriweather v. Voss,* 277 Ga. App. 240, 241 (626 SE2d 201) (2006).

complaint at trial and admitted that she had "told what happened to [the police officer], and then he wrote it down, and [she] signed saying . . . that's the way it went that day."

A person commits the offense of aggravated assault when he commits an act placing another in "reasonable apprehension of immediately receiving a violent injury" by the use of "a deadly weapon or with any object . . . which, when used offensively against a person, is likely to . . . result in serious bodily injury." OCGA §§ 16-5-20 (a) (2); 16-5-21 (a) (2); see also *Smith v. Hardrick*, 266 Ga. 54, 55 (2) (464 SE2d 198) (1995). We have previously held that a hammer can be considered a deadly weapon for purposes of an aggravated assault charge. See *Gough v. State*, 236 Ga. App. 568, 569 (1) (512 SE2d 682) (1999).

While C. B. claims that no evidence was presented to show that his mother was in reasonable apprehension of immediately receiving a violent injury, such a determination "is a question of fact, which may be established by indirect or circumstantial evidence." (Footnote omitted.) *Lemming v. State*, 272 Ga. App. 122, 124 (1) (612 SE2d 495) (2005). Moreover, we must "accept the trial court's findings of fact and credibility determinations unless they are clearly erroneous." (Citation omitted.) *Waits v. State*, 282 Ga. 1, 5 (4) (644 SE2d 127) (2007).

Here, a rational trier of fact could have determined that C. B.'s mother called the police based on her reasonable apprehension that her son intended to strike her with the hammer. While C. B.'s mother denied at trial that her son had threatened to hit her with the hammer, the trial court was authorized to discount such testimony in favor of her complaint, which she signed immediately following the incident, and in which she admitted that her son picked up the hammer intending to hit her with it. Viewed in the light most favorable to the trial court's findings, the evidence fully supports the trial court's conclusion that C. B. committed an act that, had it been committed by an adult, would have constituted the offense of aggravated assault. *In the Interest of K. B. F.*, supra, 274 Ga. App. at 187.

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED DECEMBER 4, 2007.

*George A. Bessonette*, for appellant.
*Catherine H. Helms, District Attorney*, for appellee.