## A10A1631. DAVIS v. THE STATE.
(702 SE2d 736)

ELLINGTON, Judge.

A Sumter County jury found Derrick Davis guilty of aggravated assault with intent to rob, OCGA § 16-5-21 (a) (1). Davis appeals from the denial of his motion for new trial, contending the evidence was insufficient to support his conviction. Finding no error, we affirm.

When a criminal defendant challenges the sufficiency of the evidence supporting his or her conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation omitted; emphasis in original.) *Jackson v. Virginia*, 443 U. S. 307, 318-319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979). The jury, not this Court, resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from basic facts to ultimate facts. Id. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citation and punctuation omitted.) *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001). Viewed in this light, the record reveals the following facts.

Around 11:00 p.m. on January 26, 2006, two teenaged boys, W. C. and K. M., walked along Masonic Drive in Americus. A man, later identified as Derrick Davis, approached the boys, pointed a handgun at W. C., and demanded money. W. C. gave Davis a dollar. Davis was "acting crazy," drooling, and using profanity. Both boys were frightened, and W. C. thought he was going to die. Davis asked W. C. if his aunt had any money, and then followed W. C. to his aunt's house with the gun pointed at his back. When Davis and W. C. had walked a short distance away from him, K. M. ran. Upon arriving at the aunt's house, Davis hid his gun in some bushes. Davis followed W. C. into the house, but left when he saw W. C.'s aunt, who knew Davis. W. C. told his aunt what happened, and she called the police.

The police arrested Davis a few blocks from W. C.'s aunt's home. When the officer told Davis to halt, Davis spontaneously volunteered: "Man, I don't have a gun." The arresting officer described Davis as drunk and belligerent. When the officer took Davis back to the scene so that he could locate the hidden gun, Davis volunteered, before the gun was found: "That's nothing but a BB gun." The officer found the BB gun under the bushes where W. C. said it would be. W. C. identified Davis at trial.

"A person commits the offense of aggravated assault when he or she assaults ... [w]ith intent to murder, to rape, or to rob[.]"

OCGA § 16-5-21 (a) (1). An assault is an act which places another person in reasonable apprehension of receiving an immediate violent injury. OCGA § 16-5-20 (a) (2). Such reasonable apprehension may be proved by circumstantial evidence. *In the Interest of C. B.*, 288 Ga. App. 752, 753 (655 SE2d 342) (2007). "[T]he presence of a gun would normally place a victim in reasonable apprehension of being injured violently. Whether a victim has been placed in reasonable apprehension of injury is a question of fact." (Footnotes omitted.) *Lewis v. State*, 297 Ga. App. 517, 518 (1) (677 SE2d 723) (2009). In this case, the fact that Davis used a BB gun instead of one that uses bullets is immaterial; the true test is whether it appeared to W. C. that the weapon was deadly, even though the weapon was not actually capable of inflicting deadly harm. *Dixon v. State*, 285 Ga. App. 694, 696 (647 SE2d 370) (2007); see *In the Interest of C. A.*, 249 Ga. App. 280, 282-283 (3) (548 SE2d 37) (2001).

The evidence in this case shows that Davis pointed a handgun at W. C. while demanding money. W. C. was afraid he was going to get shot and that he might die. He did not know the weapon was a BB gun. This evidence is sufficient to support Davis' conviction of aggravated assault with intent to rob beyond a reasonable doubt. See *In the Interest of C. A.*, 249 Ga. App. at 282-283 (3); see also *Walker v. State*, 281 Ga. App. 163, 164-165 (2) (635 SE2d 422) (2006).

*Judgment affirmed. Andrews, P. J., and Doyle, J., concur.*

DECIDED OCTOBER 13, 2010.

*Robert E. Perrine, Jr.*, for appellant.
*Plez H. Hardin, District Attorney, Daniel P. Bibler, Assistant District Attorney*, for appellee.