715 S.E.2d 824 (2011)
311 Ga. App. 412
In the Interest of R.W., a child.
No. A11A1270.
Court of Appeals of Georgia.
August 16, 2011.
*825 Melissa Elizabeth Lawrence, Craig T. Pearson, for appellant.
Tom Durden, Dist. Atty., Johnathan C. Gaskin, Asst. Dist. Atty., for appellee.
BARNES, Presiding Judge.
The juvenile court adjudicated R.W. delinquent for acts which, if committed by an adult, would have constituted the crimes of terroristic threats and pointing a gun at another person. R.W. argues on appeal that the evidence presented at the hearing was insufficient to support the adjudication of delinquency, but for the reasons that follow, we affirm.
When a juvenile is charged with acts that would constitute crimes if committed by an adult, the State must prove beyond a reasonable doubt that the juvenile committed the acts. In the Interest of E.D.F., 243 Ga.App. 68(1), 532 S.E.2d 424 (2000). The juvenile court judge weighs the evidence and resolves any conflicts in the evidence, and the appellate courts view the evidence in the light most favorable to the juvenile court's findings and judgment, determining only whether a rational trier of fact could have found that R.W. committed the acts charged in the delinquency petition. In the Interest of D.D., 287 Ga.App. 512, 651 S.E.2d 817 (2007).
The State alleged in its delinquency petition that R.W. committed two counts of aggravated assault with a deadly weapon by pointing a handgun at two people and threatening to shoot them. The State also alleged that R.W. committed two counts of terroristic threats by threatening to shoot the same two people "with the purpose of terrorizing [them] with reckless disregard of [the] risk of causing such terror." One of the victims testified at the hearing that she approached R.W. on the street and asked him why he had robbed her brother. In response, R.W. pulled out a silver gun and pointed it at the sister and her child while denying he robbed her brother. The sister testified she was afraid because she had her little girl with her.
R.W. left the scene, and the victim called the police, then called her brother, who came and picked up her and her child. The victim and her brother were waiting for the police on someone's porch when R.W. walked by. The brother approached R.W. and "had words" with him about him pulling a gun on the victim and her baby, and the victim testified that she then "slapped [R.W.] around a little bit because he pulled the gun out on my child while I had my baby right there." R.W. again pulled out a gun and began "swinging it" and pointing it at the brother while saying that he had a gun. The woman on whose porch the victim was waiting testified that she heard "a lot of name calling and screaming and stuff like that," and when she looked out the window she saw a gun. She "was afraid for somebody getting hurt" because she had seen a weapon and the voices she heard were loud and angry, so she went outside and made everyone leave. She could not identify who had been holding the gun, because her eyesight was failing and "all the kids dress the same."
After the State presented its evidence, the juvenile court dismissed the aggravated assault charges. After R.W. presented his evidence, the court adjudicated R.W. delinquent for committing acts which, if committed by an adult, would have constituted the crimes of terroristic threats and pointing a gun at another person.
1. R.W. argues that the evidence was insufficient for the juvenile court to adjudicate him delinquent for acts that would constitute the crime of terroristic threats if he were an adult. Under OCGA § 16-11-37(a), "[a] person commits the offense of a *826 terroristic threat when he or she threatens to commit any crime of violence . . . with the purpose of terrorizing another." The offense focuses solely on the accused's conduct "and is completed when the threat is communicated to the victim with the intent to terrorize." Armour v. State, 265 Ga.App. 569, 571(1), 594 S.E.2d 765 (2004). The State need not present direct evidence of the accused's intent, but may show intent by the circumstances surrounding the threat. Jordan v. State, 214 Ga.App. 346, 347, 447 S.E.2d 341 (1994). "Displaying a handgun to another under threatening circumstances may constitute a terroristic threat if committed by an adult." In the Interest of C.A., 249 Ga.App. 280, 281(1), 548 S.E.2d 37 (2001).
R.W. argues that the juvenile court's comments indicated it based its ruling on its belief that R.W. said to the brother "I've got a gun," or something similar, but that the brother's testimony was too equivocal for the court to have found beyond a reasonable doubt that this statement was a terroristic threat. R.W. further argues that if he told the brother he had a gun, he could have been explaining that he had not stolen any guns from him because he already possessed one, or he could have made the statement because he was afraid the brother would harm him physically.
While some contradictory evidence was presented regarding what R.W. said, determining the credibility of the witnesses was the province of the juvenile court judge. In the Interest of W.C., 204 Ga.App. 204, 419 S.E.2d 540 (1992). Here, the testimony of the victims and witnesses was sufficient for the court to have found that R.W. intended to threaten the brother when he said he had a gun. See In the Interest of J.L.W., 213 Ga.App. 630, 631(2), 445 S.E.2d 575 (1994).
2. R.W. also asserts that the evidence was insufficient to find beyond a reasonable doubt that he had pointed a pistol at the sister, because she had described him as "waving," "swinging," or "slinging" the gun around in addition to testifying that R.W. pointed the gun at her and her young child. In fact, he argues, the sister used the terms interchangeably, and thus her testimony would also support a finding that he had simply been waving the weapon around instead of pointing it at anyone.
A person commits the offense of pointing a gun at another when he intentionally and without legal justification points a gun at another person. OCGA § 16-11-102. The issue is not whether the juvenile court could have made different findings, but whether sufficient evidence supported the court's findings. "The juvenile judge, as factfinder, is authorized to believe or disbelieve all or any part of the testimony of witnesses, and it serves as the arbiter of conflicts in the evidence before it." (Punctuation and footnote omitted.) In the Interest of C.N.S., 282 Ga. App. 3, 4-5, 637 S.E.2d 500 (2006). We conclude that the State presented sufficient evidence to authorize a rational factfinder to determine that R.W. committed an act which, if he were an adult, would constitute the crime of pointing a gun at another.
Judgment affirmed.
ADAMS and BLACKWELL, JJ., concur.